JUAN M. RIVERA GONZÁLEZ, SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS, querellante y recurrente *v.* J. C. PENNEY COMPANY, INC., querellada y recurrida.

*Número:* CE-87-147        *Resuelto:* 24 de noviembre de 1987

---

*Benjamín Acevedo Defilló*, abogado del peticionario; *Aníbal Lugo Miranda*, de *McConnell, Valdés, Kelly, Sifre, Griggs & Ruiz-Suriá*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El Señor Secretario del Departamento del Trabajo y Recursos Humanos del Estado Libre Asociado de Puerto Rico, en representación y para beneficio del empleado Nelson Álamo Santini, radicó una querella ante el Tribunal de Distrito de Puerto Rico, Sala de Carolina, contra la corporación J.C. Penney Company, Inc., en reclamación de indemnización por despido injustificado al amparo de las disposiciones de la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185a *et seq.*) —Ley Núm. 80— y de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.*, la cual establece un procedimiento sumario para reclamaciones por servicios prestados (Ley

Núm. 2, *supra*). Se alegó en dicha querella que el señor Álamo Santini había trabajado para la querellada, mediante contrato sin tiempo determinado, desde agosto de 1978 hasta el 12 de abril de 1985, fecha en que había sido despedido de su empleo sin justa causa; razón por la cual el señor Álamo Santini tenía derecho a que se le pagara la indemnización que para esos casos provee la citada Ley Núm. 80,(1) suma de dinero que la querellada se había negado a pagar no obstante las gestiones de cobro realizadas.

La querellada J.C. Penney Co., Inc., contestó la querella el 28 de mayo de 1986. En relación con la alegación fundamental de la querella a los efectos de que el despido había sido sin justa causa, específicamente alegó como defensa afirmativa que:

El Querellante Nelson [Á]lamo Santini no tiene derecho a recibir compensación alguna bajo la Ley Núm. 80 del 30 de mayo de 19[7]6, 29 L.P.R.A. Sección 185[a] *et seq.* por razón de *haber éste renunciado* durante una reunión con el gerente de personal, y en frente de testigos mientras se discutía una reprimenda que se le había dado. (Énfasis suplido.)

Dicha defensa afirmativa o teoría fue reiterada por la querellada J.C. Penney Company, Inc., mediante carta de 26 de junio de 1986 que le dirigiera su abogado al Secretario del Trabajo y Recursos Humanos de Puerto Rico y en la contestación bajo juramento, de 19 de septiembre de 1986, que la querellada sometiera en contestación a un interrogatorio que le enviara la parte querellante, contestación suscrita por su jefe de personal.

Ello no obstante, mediante moción de 18 de septiembre de 1986 y ya en la etapa de la conferencia con antelación al juicio, la querellada solicitó permiso del Tribunal de

---

(1) La suma "adeudada", según alegado en la querella radicada, asciende a la cantidad de $1,854.

Distrito, Sala de Carolina, para que se le permitiera enmendar su contestación a la querella a los efectos de que "en la alternativa de que el Tribunal resolviera que el Querellante no renunció, sino que fue despedido, que dicho despido fue con justa causa ya que el Demandante venía observando una conducta impropia y se desempeñaba en forma ineficiente...". Moción de 18 de septiembre de 1986, pág. 1.

En adición, y mediante escrito de esa misma fecha, la querellada solicitó permiso del referido tribunal para que se le permitiera deponer al testigo Josué Ortiz, Investigador de Normas del Departamento del Trabajo y Recursos Humanos, quien fue anunciado como testigo por la parte querellante en el informe sobre conferencia preliminar entre abogados.[2]

El Señor Secretario del Trabajo y Recursos Humanos se opuso a ambas solicitudes. El Tribunal de Distrito de Puerto Rico, Sala de Carolina, estimó que le asistía la razón a la parte querellada. Autorizó a dicha parte, en su consecuencia, no sólo a enmendar la contestación a la querella, sino a tomar la deposición objetada. Inconforme, radicó la parte querellante recurso de *certiorari* ante el Tribunal Superior de Puerto Rico, Sala de Carolina. Dicho foro se negó a expedir el auto solicitado.

De dicha resolución denegatoria acudió el Secretario del Trabajo y Recursos Humanos ante este Tribunal, imputándole al foro de instancia el haber errado, primero, al permitir que la parte querellada enmiende su contestación a la querella y, segundo, al permitirle a ésta realizar descubrimiento de prueba adicional. Le concedimos término a dicha parte para que mostrara causa por la cual no debíamos expedir el auto de *certiorari* radicado y dictar

---

[2] La querellada ya había hecho uso del mecanismo de la deposición en relación con el querellante Nelson Álamo Santini.

sentencia revocando la resolución recurrida. Ha comparecido. Resolvemos.

## I

■ En *Díaz* v. *Hotel Miramar Corp.*, 103 D.P.R. 314, 316 (1975), expresamos que la *"esencia y médula del trámite fijado para casos sobre reclamaciones de salarios* consagrado en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, *constituye el procesamiento sumario y su rápida disposición.* Desprovisto de esta característica, resulta un procedimiento ordinario más, en el cual la adjudicación final que oportunamente recaiga, *resulta incompatible con alcanzar, en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial".* (Énfasis suplido.)

■ El deber de este Tribunal de velar por que los procedimientos judiciales se lleven a cabo con la mayor rapidez posible, cobra singular importancia al enfrentarnos a una situación en que "los otros poderes constitucionales —legislativo y ejecutivo— en el ejercicio válido de aprobar leyes han expresado su sentir sobre *los asuntos que a su juicio merecen especial atención".* (Énfasis suplido.) *Díaz* v. *Hotel Miramar Corp.*, ante, pág. 316.

■ Por otro lado, expresamos en *Román Cruz* v. *Díaz Rifas*, 113 D.P.R. 500, 505 (1982), que:

> ...las leyes no se interpretan ni se aplican en el vacío. No todos los casos son iguales; un determinado caso puede requerir un tratamiento distinto al que se le haya dado a otro, por más que éstos parezcan ser iguales. Ante un cuadro de hechos que así lo exigía, hemos sido enérgicos en la interpretación y aplicación de la citada ley especial; ejemplo de ello lo es el caso de *Díaz* v. *Hotel Miramar Corp.*, 103 D.P.R. 314 (1975). En otras ocasiones, cuando los hechos así lo han requerido, hemos sido más flexibles; constituyen

ejemplo de ello los casos de *Murphy Lugo* v. *Atl. So. Insurance Co.*, 91 D.P.R. 335 (1964), y *Srio. del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 864 (1965).

Con ese trasfondo en. mente, abordamos la solución de las controversias que se plantean en el presente recurso. Las mismas están específicamente contempladas en la Sec. 3 de la citada Ley Núm. 2 de 1961, según enmendada, 32 L.P.R.A. sec. 3120. Establece dicha disposición legal:

El Secretario del Tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante, o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos para que ello tuviere la parte querellada, podrá el Juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el Tribunal para conceder esa prórroga.

El alguacil o una persona particular diligenciará la notificación del Secretario del Tribunal al querellado. Si no se encontrare al querellado, se diligenciará la orden en la persona que en cualquier forma represente a dicho querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia. Si el querellado no pudiere ser emplazado en la forma antes dispuesta se hará su citación de acuerdo con lo que dispongan las Reglas de Procedimiento Civil para esos casos.

*El querellado deberá hacer una sola alegación responsiva en la cual deberá incluir todas sus defensas y objeciones,*

*entendiéndose que renuncia a todas las defensas u objeciones*
*que no incluya en dicha alegación responsiva.*

En los casos que se tramiten con arreglo a las secs. 3118 a 3132 de este título, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley; Disponiéndose en relación con los medios de descubrimiento anteriores al juicio autorizados por las Reglas de Procedimiento Civil, que la parte querellada no podrá usarlos para obtener información que debe figurar en las constancias, nóminas, listas de jornales y demás récords que los patronos vienen obligados a conservar en virtud de las disposiciones de la Ley de Salario Mínimo, secs. 245 *et seq.* del Título 29, y los reglamentos promulgados al amparo de la misma, excepto cualquier declaración prestada o documento sometido por la parte querellante en cualquier acción judicial; y que ninguna de las partes podrá someter más de un interrogatorio o deposición ni podrá tomar una deposición a la otra parte después que le haya sometido un interrogatorio, ni someterle un interrogatorio después que le haya tomado una deposición, excepto que medien circunstancias excepcionales que a juicio del Tribunal justifiquen la concesión de otro interrogatorio u otra deposición. *No se permitirá la toma de deposición a los testigos sin la autorización del Tribunal, previa determinación de la necesidad de utilizar dicho procedimiento.*

*La información obtenida por el Secretario del Trabajo y Recursos Humanos o por sus agentes debidamente autorizados en el curso de las investigaciones practicadas* en el ejercicio de las facultades concedidas en la Ley de Salario Mínimo, secs. 245 *et seq.* del Título 29, y en la Ley Orgánica del Departamento del Trabajo y Recursos Humanos, secs. 304 *et seq.* del Título 3, *será de carácter privilegiado y confidencial y sólo podrá ser divulgada mediante la autorización del Secretario del Trabajo y Recursos Humanos.*

En ningún caso que se tramite al amparo de las secs. 3118 a 3132 de este título, podrá contrademandarse o reconvenirse al obrero o empleado querellante por concepto alguno. (Énfasis suplido.)

Como podemos notar, de acuerdo con lo dispuesto en el tercer párrafo de la transcrita disposición legal, la querellada J.C. Penney Company, Inc., venía obligada a incluir en la contestación a la querella que originalmente radicara "todas" sus defensas y objeciones, entendiéndose *renunciadas* las que no incluyó.

En contrario, la querellada nos llama la atención a nuestra decisión en *Matos Velázquez* v. *Proctor Manufacturing Corp.*, 91 D.P.R. 45 (1964). En dicho caso se trataba de una *reclamación de salarios* en que la allí querellada, en la contestación que radicara, adujo que no le adeudaba suma de dinero alguna al querellante por concepto de salarios devengados. Posteriormente solicitó permiso para enmendar su contestación a la querella, consistiendo la enmienda en que no adeudaba nada por razón de que el querellante era un "ejecutivo". Al resolver que procedía la enmienda solicitada, expresamos, a la pág. 50, que la "disposición aludida en la Sec. 3 de la Ley Núm. 2 [el tercer párrafo de la misma] no tiene el efecto de impedir que una alegación responsiva hecha según dispone la misma sea enmendada *en un caso apropiado*" (énfasis suplido); sobre todo si consideramos que el "haberse permitido enmendar la contestación para exponer de modo expreso que el demandante era un ejecutivo, *sin que se trate de uno de esos casos en que se requiere la interposición de una defensa afirmativa,* de hecho benefició al demandante ya que antes del juicio quedó debidamente informado de esa alegación responsiva y en mejores condiciones para sostener con prueba su reclamación, o prepararse para impugnar la prueba en tal sentido". (Énfasis suplido.)(³)

---

(³)*Matos Velázquez* v. *Proctor Manufacturing Corp.*, 91 D.P.R. 45, 51 (1964).

## II

■ Ratificamos los principios enunciados tanto en *Román Cruz* v. *Díaz Rifas*, ante, como en *Díaz* v. *Hotel Miramar Corp.*, ante. No hay duda de que no procede una interpretación inflexible de las disposiciones de la citada Ley Núm. 2 de 1961, según enmendada. Ahora bien, si es que queremos cumplir con nuestra obligación de agilizar todos los procedimientos judiciales y, en específico, de darle contenido a la clara intención legislativa respecto a la referida ley especial, la decisión emitida en el mencionado caso de *Matos Velázquez* v. *Proctor Manufacturing Corp.*, ante, debe ser interpretada como que *en casos donde se cuestiona la justa causa para el despido* al amparo de las disposiciones de la citada Ley Núm. 80, *supra*, y que se tramitan conforme lo dispuesto por la Ley Núm. 2, *supra*, los tribunales de instancia no deberán permitir enmiendas a la contestación a la querella a menos que se trate de situaciones donde la enmienda interesada tenga el propósito u objetivo de clarificar o ampliar, en beneficio de la pronta solución del caso, una defensa afirmativa previamente interpuesta en la contestación. Dicho de otra forma, los tribunales de instancia *no* deberán permitir que una parte querellada enmiende su contestación a la querella para adicionar *nuevas* defensas afirmativas.

■ Una interpretación contraria haría totalmente inoperante y desvirtuaría el procedimiento sumario que por razones de política pública estimó procedente establecer nuestra Asamblea Legislativa respecto a esta clase de casos. No debe perderse de vista que las razones para el despido de un empleado, se supone, existan *con anterioridad* a que ocurra el mismo. Siendo ello así, resulta absurdo que se le permita a un patrono que enmiende su contestación a la querella para *adicionar* una *nueva* defensa afirmativa

cuando la misma, repetimos, no sólo se supone que existiera desde antes del despido sino que el patrono debía conocerla al ordenar el mismo. Es por ello que no creemos que sea oneroso el requisito impuesto por la citada Ley Núm. 2 a los efectos de que el patrono, al momento de contestar la querella sobre despido injustificado, venga en la obligación de especificar *todas* y cada una de las razones o motivos que tuvo para despedir al empleado. Nótese que la Ley Núm. 2, *supra*, no le impide al patrono presentar todas las defensas con que cuenta a esos efectos; lo que intenta evitar la citada ley —con el propósito de lograr una rápida adjudicación de la querella— es que el patrono dilate innecesaria y viciosamente los procedimientos.

▮▮▮ El caso de autos, ¿es uno "apropiado" en que debe permitirse la enmienda propuesta? Esto es, dicha enmienda, ¿tiene el efecto de clarificar o ampliar, en beneficio de la pronta solución del caso, una defensa afirmativa previamente interpuesta por el patrono en la contestación a la querella? La contestación en la negativa resulta obvia. La defensa que se intenta adicionar es una completamente nueva y diferente que no tiene relación alguna con la aducida en la contestación a la querella radicada,[4] la cual no tiene el efecto de viabilizar la pronta solución del caso. La situación en que se encuentra la querellada es únicamente atribuible a ella y a su representación legal, las cuales han observado en la defensa del caso un patrón de conducta que puede ser calificado, cuando menos, de errático.[5] Dicha situación pudo ser evitada si su representación legal, en lugar de aducir en la contestación

---

[4] De hecho, dichas defensas son contradictorias entre sí.

[5] La parte querellada, en la contestación a la querella de fecha *28 de mayo de 1986*, adujo la defensa afirmativa de que el querellante había renunciado a su empleo. Dicha defensa fue reiterada, como hemos visto, en dos ocasiones: la primera en carta suscrita por su abogado, de *26 de junio de 1986*, y, mediante

radicada únicamente la defensa relativa a la renuncia, hubiera planteado ambas defensas: la de renuncia del querellante y la de ineficiencia en el desempeño de su trabajo. La negación de la enmienda, bajo esas circunstancias, no constituye violación alguna al debido proceso de ley. *Landrum Mills Corp.* v. *Tribunal Superior*, 92 D.P.R. 689, 692 (1965). Por otro lado, debe mantenerse presente que por "regla general, y en ausencia de circunstancias que justifiquen lo contrario, todo litigante que escoge libremente a un abogado para que lo represente en un litigio no puede evitar las consecuencias de los actos y omisiones de tal agente...". *Díaz* v. *Tribunal Superior*, 93 D.P.R. 79, 88 (1966); *Maldonado* v. *Srio. de Rec. Naturales*, 113 D.P.R. 494, 497 (1982).

## III

Respecto a la segunda de las controversias —esto es, si se le debe permitir a la querellada deponer o no al Sr. Josué Ortiz, investigador de normas del Departamento del Trabajo y Recursos Humanos, el cual fue anunciado como testigo por la parte querellante en el informe sobre conferencia preliminar entre abogados— la situación no es tan complicada. La parte querellante recurrente argumenta que dicha deposición no procede debido a que la antes transcrita Sec. 3 de la Ley Núm. 2, *supra*, específicamente establece que la información obtenida por el Secretario y sus agentes autorizados en el curso de una investigación es de carácter privilegiado y confidencial. Por su parte, la querellada recurrida aduce que "si bien es cierto que la

---

contestación a interrogatorio, suscrita por su jefe de personal, de *19 de septiembre de 1986.* Ello no obstante, un día antes —o sea, *el 18 de septiembre de 1986*— el abogado de la querellada presentó la moción en solicitud de permiso para enmendar la contestación a los efectos de que, en la alternativa, el querellante había sido despedido por ser un empleado ineficiente.

información que conozca el señor Ortiz y que forme parte
del récord de este investigador del Departamento del
Trabajo es de naturaleza privilegiada y confidencial, la
naturaleza privilegiada y de confidencialidad de esta infor-
mación se ha perdido a la vez que el propio Departamen-
to del Trabajo ha anunciado a este testigo para declarar
en el caso sobre exactamente esas mismas materias".
Escrito mostrando causa por la cual no se debe expedir auto
de *certiorari*..., pág. 5.

█ Le asiste la razón a la parte recurrida en este
aspecto. No hay duda de que el testimonio del mencionado
testigo versará sobre la información que él recopiló durante
la investigación que realizara. Mal puede el Secretario del
Trabajo y Recursos Humanos reclamar —ante la deposición
solicitada— que el producto de esa investigación debe
mantenerse confidencial cuando se propone utilizar a dicha
persona como testigo en el juicio a celebrarse. Asumiendo
—a los fines de la argumentación— la validez constitucional
de la disposición legal en controversia, el "privilegio" de
confidencialidad que cobija dicha información bajo el
referido estatuto debe entenderse "renunciado" al momento
en que el Secretario pretende utilizar a dicho investigador
como testigo en el caso. *Soto* v. *Srio. de Justicia*, 112 D.P.R.
477, 498 (1982); *Cf.* Regla 33 de Evidencia para el Tribunal
General de Justicia de 1979 (32 L.P.R.A. Ap. IV); *García
Negrón* v. *Tribunal Superior*, 104 D.P.R. 727 (1976).[6]

Tenemos, en adición, que la transcrita Sec. 3, *supra,*
dispone, en lo pertinente, que no "se permitirá la toma de
deposición a los testigos *sin la autorización del Tribunal,
previa determinación de la necesidad de utilizar dicho*

_____

[6] Debe mantenerse presente, sin embargo, lo dispuesto por la Regla 32 de
Evidencia, 32 L.P.R.A. Ap. IV, sobre el derecho, en lo pertinente, de una agencia
a no revelar la identidad de una persona que brinda información a un investigador
de esa agencia.

*procedimiento*". (Énfasis suplido.) En el presente caso el tribunal de instancia, luego de las partes exponer por escrito sus respectivas posiciones, ejercitó esa discreción que le concede el estatuto y autorizó la toma de la deposición. La parte querellante, aparte del argumento sobre confidencialidad previamente discutido, *no ha aducido ante este Tribunal argumento adicional alguno en apoyo de la posición de que el foro de instancia incurrió en abuso de su discreción al así actuar.* No intervendremos, por tanto, con el ejercicio de esa discreción. *Banco de Ponce* v. *Iriarte,* 60 D.P.R. 72 (1942). Ello no obstante, advertimos que las preguntas a hacerse durante la toma de dicha deposición deberán ser pertinentes y relevantes al asunto en controversia; esto es, si el querellante Nelson Álamo Santini renunció o no voluntariamente al cargo que ocupaba en la compañía querellada. En armonía con el procedimiento sumario que contempla la citada Ley Núm. 2, *supra,* la toma de la referida deposición deberá ser señalada para la fecha más próxima posible, al igual que la vista en su fondo del caso.

Por las razones antes expresadas, *se expedirá el auto solicitado y se dictará sentencia modificatoria de la orden recurrida, devolviéndose el caso al foro de instancia para procedimientos ulteriores compatibles con lo aquí resuelto.*

El Juez Asociado Señor Hernández Denton concurre y disiente con opinión escrita.

—O—

Opinión concurrente y disidente emitida por el Juez Asociado Señor Hernández Denton.

Disiento de las Partes I y II de la opinión del Tribunal y concurro con la Parte III.

Al revocar innecesariamente valiosos precedentes, nos colocamos de nuevo en una etapa ya superada de nuestra jurisprudencia interpretativa de la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. secs. 3118–3133).

En *Román Cruz* v. *Díaz Rifas*, 113 D.P.R. 500, 505 (1982), al expresarnos sobre las características de esta ley especial, dijimos:

> No hay duda de que nuestra Asamblea Legislativa, preocupada con la lentitud de los trámites judiciales ordinarios, tuvo el propósito de agilizar los procedimientos de reclamaciones de salarios al aprobar la citada Ley Núm. 2 de 17 de octubre de 1961. *Ahora bien, las leyes no se interpretan ni se aplican en el vacío. No todos los casos son iguales; un determinado caso puede requerir un tratamiento distinto al que se le haya dado a otro, por más que éstos parezcan ser iguales.* Ante un cuadro de hechos que así lo exigía, hemos sido enérgicos en la interpretación y aplicación de la citada ley especial; ejemplo de ello lo es el caso de *Díaz* v. *Hotel Miramar Corp.*, 103 D.P.R. 314 (1975). *En otras ocasiones, cuando los hechos así lo han requerido, hemos sido más flexibles; constituyen ejemplo de ello los casos de Murphy Lugo* v. *Atl. So. Insurance Co.*, 91 D.P.R. 335 (1964), *y Srio. del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 864 (1965). (Énfasis suplido.)

Con este precedente en mente, y con el fin de evitar soluciones contradictorias, examinemos el recurso ante nos.

I

Se trata de una reclamación de indemnización por despido injustificado instada bajo las disposiciones de la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185a *et seq.*) y la Ley Núm. 2, *supra*, que establece un procedimiento sumario para reclamaciones por servicios prestados.

El Secretario del Trabajo y Recursos Humanos de Puerto Rico compareció en representación y para beneficio del querellante Nelson Álamo Santini, al amparo de la

facultad que le concede la citada Ley Núm. 2, *supra*. Alegó, en síntesis, que el reclamante prestó servicios desde agosto de 1978 para J.C. Penney mediante contrato sin tiempo determinado; que el 12 de abril de 1985 aquél fue despedido de su empleo sin justa causa y que la empresa querellada no le pagó la indemnización que por despido injustificado tenía derecho a recibir a tenor con la Ley Núm. 80, *supra*.

En su contestación, J.C. Penney admitió que el señor Álamo Santini comenzó a trabajar con la firma el 22 de agosto de 1978, pero *negó que fuera despedido sin justa causa*. Planteó, además, que el reclamante no tenía derecho a recibir compensación bajo la Ley Núm. 80, *supra*, debido a que éste renunció a su empleo en el transcurso de una reunión con el gerente de personal de la empresa, mientras recibía una "reprimenda".

Durante el descubrimiento de prueba, y en contestación a los interrogatorios específicos del querellante en torno a los detalles de la renuncia, la firma querellada reveló los nombres de las personas a quienes el señor Álamo Santini expresó su deseo de renunciar. Se acompañó por escrito el contenido de la reprimenda.

Así las cosas, a cuatro meses de J.C. Penney haber puesto en controversia la justa causa para el despido en su contestación a la querella, y a dos meses de que el Departamento del Trabajo y Recursos Humanos hubiera admitido que conocía de la alegación de despido por ineficiencia,(1) la primera anunció en la conferencia preliminar al juicio su intención de enmendar su contestación. Básicamente levantó la defensa de despido justifi-

---

(1) Es preciso aclarar, para mejor comprensión del verdadero trasfondo procesal del pleito, que ya para el 3 de julio de 1986, es decir, *más de dos meses antes de la celebración de la conferencia preliminar entre abogados*, la representación legal del Departamento del Trabajo y Recursos Humanos tenía conocimiento de la alegación de *despido por ineficiencia*. Así lo admitió en carta que enviara al abogado de J.C. Penney.

cado —en la alternativa de que el tribunal resolviera que el reclamante no renunció— ya que éste observaba un patrón de conducta impropio y rendía su trabajo de forma deficiente. La empresa querellada solicitó además, mediante moción al Tribunal de Distrito, un "permiso para conducir descubrimiento de prueba adicional" y así poder "deponer" al Sr. Josué Ortiz, Investigador de Normas del Departamento del Trabajo y Recursos Humanos, quien fue anunciado como testigo por el Departamento del Trabajo y Recursos Humanos. Ambas solicitudes fueron declaradas con lugar por el Tribunal de Distrito. De dicha resolución el Departamento del Trabajo y Recursos Humanos recurrió al Tribunal Superior vía *certiorari*, moción que fue declarada no ha lugar por ese foro. El 6 de marzo de 1987 el Departmento del Trabajo y Recursos Humanos presentó ante nos una petición de *certiorari* y moción en auxilio de jurisdicción. Solicitó la revocación de la resolución dictada por el Tribunal Superior, Sala de Carolina.

El 10 de marzo de este año ordenamos la paralización de los procedimientos hasta que dispusiéramos otra cosa. Dos días después concedimos término a J.C. Penney para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar al Tribunal Superior. Una vez analizada la comparecencia de las partes, procede resolver contrario a lo intimado.

## II

Si partimos del análisis del texto que precisamente se utiliza en la opinión de la mayoría, en *Matos Velázquez* v. *Proctor Manufacturing Corp.*, 91 D.P.R. 45, 49–50 (1964), expresamos que lo que perseguía la norma de consolidación de defensas era evitar la proliferación de mociones con anterioridad a la alegación responsiva, de modo que la contienda en su fondo quedara trabada prontamente. Aclaramos, además, que la disposición aludida en la Sec.

3 de la Ley Núm. 2, según enmendada, 32 L.P.R.A. sec. 3120, *no tenía el efecto de impedir que una alegación responsiva fuera enmendada en un caso apropiado.* Reconocimos —luego de meditada exposición— que la Regla 13.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, al permitir enmiendas a las alegaciones con el permiso del tribunal, en modo alguno resultaba conflictiva con la precitada Sec. 3 de la ley especial. Dijimos, en suma, en el propio lenguaje de la opinión:

> Al estatuirse en la Ley Núm. 2... que el querellado deberá hacer una sola alegación responsiva en la cual deberá incluir todas sus defensas y objeciones, lo que se requirió es que tanto las defensas afirmativas de la Regla 6.3 como las defensas enumeradas en la Regla 10.2, ... han de presentarse por la parte querellada en *una contestación que lo comprenda todo: su respuesta a los méritos del caso y tales defensas o cualquier defensa, dado el carácter sumario de la acción. Se ha querido obviar en estas reclamaciones de salario la dilación inevitable que ocurre cuando a un demandado se le permite, como permiten las reglas ordinarias, levantar distintas defensas y obtener dictamen sobre ellas antes de contestar en los méritos. La idea es que la contienda en su fondo quede trabada prontamente.*
>
> ...Ningún conflicto existe entre esta Regla 13.1 que presupone alegaciones ya hechas y lo dispuesto en la Sec. 3 de la Ley Núm. 2 que se refiere *al modo* de alegar distinto en este tipo de acciones judiciales. (Énfasis suplido y escolio omitido.) *Matos Velázquez* v. *Proctor Manufacturing Corp.*, supra, págs. 49-50.

En otras palabras, bajo nuestro actual derecho positivo procede confirmar al tribunal de instancia.[2] No estamos ante un caso en el cual debamos permitir que una parte reviva tardíamente una defensa o versión "nueva o diferente

---

[2] No ha habido modificación legislativa en relación con este asunto desde *Matos Velázquez* v. *Proctor Manufacturing Corp.*, supra.

que no tiene relación alguna con la aducida en la contestación".

En el caso de epígrafe, la querellada no levantó la defensa de "renuncia" mediante moción aparte antes de alegar. Muy por el contrario, contestó de una sola vez la querella y puso en controversia la justa causa para el despido, trabando la contienda y afectando los propios méritos de la reclamación. Recuérdese que según la Regla 6.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, "[l]as negaciones impugnarán en lo sustancial las aseveraciones que se niegan".

Discrepo fraternalmente del Tribunal por entender que no hay realmente una distinción significativa entre el caso de autos y el de *Matos Velázquez* v. *Proctor Manufacturing Corp.*, supra. Tanto en éste como en el presente caso, el permiso para enmendar la contestación ciertamente *beneficia* al demandante en la medida que le informa antes del juicio de cierta alegación responsiva lo que lo coloca "en mejores condiciones para sostener con prueba su reclamación, o prepararse para impugnar la prueba en tal sentido". Íd., pág. 51. La única diferencia es que en *Matos Velázquez* v. *Proctor Manufacturing Corp.*, supra, la demandada solicitó permiso para presentar una contestación enmendada con el fin de alegar en la afirmativa que el demandado era un "ejecutivo", y aquí la defensa es la de "despido justificado".

Estamos de acuerdo con que los obreros de nuestro país merecen y necesitan la tutela jurídico-procesal de la Ley Núm. 2, *supra*. Dicha ley obedece al deseo de lograr la mayor rapidez posible en la sustanciación y decisión de los pleitos en que está presente este género de reclamaciones laborales. Por ello, compartimos el criterio de nuestra jurisprudencia que favorece la eliminación de las fases, momentos y actos del proceso *que sean incompatibles con*

*el carácter sumario del procedimiento establecido. Díaz* v. *Hotel Miramar Corp.*, 103 D.P.R. 314, 321 (1975).

Sin embargo, la decisión del Tribunal contrasta marcadamente con nuestros mejores precedentes en la materia. "En su sentido literal y espiritual la clave del párrafo de la ley que nos ocupa para resolver si determinado trámite ordinario del cuerpo de reglas procesales civiles... cubre o no al procedimiento especial se logra examinando y determinando si la regla envuelta resulta conflictiva o contraria con alguna disposición específica de la ley especial y con el carácter sumario del procedimiento." *Díaz* v. *Hotel Miramar Corp.*, supra, pág. 321.

Bajo este enfoque en el pasado hemos resuelto que *no* existe conflicto entre la ley especial y la Regla 13.2 de Procedimiento Civil en lo referente a las enmiendas de las alegaciones para conformarlas a la prueba, *Srio. del Trabajo* v. *Vélez*, 86 D.P.R. 585 (1962); las Reglas 6.3 y 10.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre consolidación de defensas con relación a la Regla 13.1 en lo relativo al permiso para enmendar las alegaciones, *Matos Velázquez* v. *Proctor Manufacturing Corp.*, supra; la Regla 49.2 sobre relevo de sentencia, *Murphy Lugo* v. *Atl. So. Insurance Co.*, 91 D.P.R. 335 (1964); *Srio. del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 864 (1965).

En todos estos casos optamos por el enfoque flexible de acuerdo con los hechos de cada caso, porque nos pareció acomodada a una concepción más dinámica y útil de la Ley Núm. 2, *supra*. Este enfoque ha permitido que el procedimiento especial, en su totalidad, permita al patrono las oportunidades básicas de defensa que comprende el debido proceso de ley y, por ende, que dicho procedimiento haya sobrevivido los ataques de índole constitucional. *Landrum Mills Corp.* v. *Tribunal Superior*, 92 D.P.R. 689 (1965).

La alternativa que permite una enmienda a las alegaciones, antes del juicio, sobre todo si la conferencia preliminar al juicio se celebra temprano en el proceso, redunda en beneficio de todos. Con sólo una lectura del texto de la Regla 37.1 (32 L.P.R.A. Ap. III) es fácil comprobar que ésta en modo alguno resulta incompatible con la ley especial.(³) Muy por el contrario, adaptada a los fines que persigue esta legislación laboral, puede proporcionar un recurso procesal adecuado para reducir las dilaciones innecesarias que genera todo proceso de naturaleza contenciosa, sea sumario u ordinario. Desde su vertiente de *enmiendas a las alegaciones*, la pronta celebración de este tipo de conferencia permite la elaboración de un cuadro claro de los hechos y de la prueba con que cuentan las partes, lo que permite al juzgador detectar desde temprano las posibilidades que tienen las partes de prevalecer conforme al derecho aplicable.

La *ratio dicidendi* de la opinión mayoritaria implica igualmente la revocación de *Srio. del Trabajo v. Vélez*, supra. Sería ilógico pensar que la Ley Núm. 2, *supra*, impide —desde el punto de vista de la economía procesal— una enmienda a las alegaciones para incorporar *una defensa que es conocida por la demandante antes del juicio*, pero permite que éstas sean enmendadas *por la prueba en el*

---

(³) *"37.1. Conferencia*

"En cualquier pleito el tribunal podrá, en el ejercicio de su discreción, ordenar a los abogados de las partes que comparezcan a una conferencia para considerar:

"(a) La simplificación de las cuestiones litigiosas;

"(b) *La necesidad o conveniencia de enmendar las alegaciones;*

"(c) La posibilidad de obtener admisiones de hechos y de documentos en evitación de prueba innecesaria;

"(d) La revelación de la identidad de los testigos que se espera utilizar en el juicio y la limitación del número de testigos peritos;

"(e) La conveniencia de someter preliminarmente cuestiones litigiosas a un comisionado para sus determinaciones de hecho;

"(f) Cualesquiera otras medidas que puedan facilitar la más pronta terminación del pleito." (Énfasis suplido.)

*juicio,* con las consiguientes posposiciones que este tipo de incidente genera.

El Departamento del Trabajo y Recursos Humanos no ha podido demostrar perjuicio con la enmienda solicitada. Fue éste el que quiso centrar con su interrogatorio la controversia en torno a la renuncia. Sin embargo, desde un principio, el litigio quedó igualmente trabado en torno a las causas del despido. De hecho, es imposible litigar el asunto de la renuncia del empleado sin entrar en la cuestión de la "reprimenda" por conducta impropia que éste recibió durante la reunión con el gerente de personal de la querellada. Dicho asunto constituye evidencia pertinente e inseparable de la cuestión de la renuncia. La misma prueba que la recurrente intenta presentar en evidencia —las cartas de amonestación que recibiera de J.C. Penney[4] conducentes a probar que ocurrió el despido— será la prueba que la empresa utilizará en la alternativa para demostrar *los hechos que dieron lugar al mismo y probar que estuvo justificado.*

En otra palabras, el efecto de la enmienda no varía el tipo de prueba tanto documental como testifical en el caso. Por lo tanto, en ausencia de cualquier elemento de sorpresa o dilación, la enmienda solicitada, y así concedida por el tribunal, era permisible.

En resumen, no es buena la norma adoptada por la mayoría de este Tribunal en el sentido de que "los tribunales de instancia no deberán permitir que una parte querellada enmiende su contestación a la querella para adicionar nuevas defensas afirmativas". (Énfasis omitido.) Dicha postura categórica es contraria a nuestra jurisprudencia sobre la Ley Núm. 2, *supra.* Además, como vimos, el caso de epígrafe es particularmente desfavorable para iniciar el

---

[4] Así consta en el Informe sobre Conferencia Preliminar entre Abogados, pág. 3, como estipulación de las partes.

cambio de orientación que se propone. Recuérdese que "las leyes no se interpretan ni se aplican en el vacío. No todos los casos son iguales; un determinado caso puede requerir un tratamiento distinto al que se le haya dado a otro, por más que éstos parezcan ser iguales". *Román Cruz* v. *Díaz Rifas*, supra, pág. 505.

### III

Por último, concurro con la Parte III de la opinión del Tribunal.

La naturaleza privilegiada y confidencial de la información del Departamento del Trabajo y Recursos Humanos se perdió una vez que la agencia anunció a un testigo para declarar sobre estas mismas materias.

Procede, por estos fundamentos, confirmar la resolución del tribunal a quo en la medida que permitió el descubrimiento de prueba adicional.