Soler Aquino, Juez Ponente
*944 TEXTO COMPLETO DE LA SENTENCIA
La querellante solicita revisión de una determinación del Tribunal de Instancia, mediante la cual declaró HA LUGAR una. moción de relevo de sentencia presentada por el patrono querellado. La deteminación recurrida fue dictada y notificada a las partes el 15 de mayo de 1996. De ésta se acudió oportunamente ante nos el 13 de junio de 1996.
Se plantea que el foro recurrido erró al conceder el relevo de la sentencia, a pesar de que la petición no estaba juramentada conforme lo requiere la Ley de Procedimiento Sumario Laboral y las razones aducidas no justificaban el relevo.
Surge de los autos que el querellante-recurrente radicó la querella de título el 16 de junio de 1995, acogido al procedimiento sumario laboral. El Tribunal de Primera Instancia señaló vista en su fondo para el 21 de diciembre de 1995. La querelladá solicitó la suspensión de la vista. El tribunal declaró con lugar la moción de suspensión y reseñaló la vista para el 29 de febrero de 1996. A la vista sólo compareció la parte querellante. El querellado no compareció ni estuvo representado por abogado, por lo que el tribunal declaró con lugar la querella y-'dictó sentencia ordenando al querellado a pagar a la querellante la cantidad de $41,540.63. Esta sentencia se notificó a las partes el 18 de marzo de 1996.
El patrono recurrido solicitó reconsideración alegando que no compareció a la vista, debido a que no recibió la notificación del cambio de fecha para el 29 de febrero de 1996. La querellante se opuso y el tribunal denegó la reconsideración. El 22 de abril de 1996 la querellada radicó una moción denominada "Moción de Relevo de Sentencia con ofrecimiento de declaración jurada", la cual no estaba juramentada. En esta ocasión alegó que había recibido la notificación de la vista, pero que por inadvertencia, tanto del abogado como de su secretaria, no se fijaron que el señalamiento aparecía en la parte inferior de la notificación. La querellante expresó oposición en la que alegó que la moción de relevo no estaba juramentada como lo requiere la ley y que las razones aducidas por el patrono no justificaban el relevo de la sentencia. El tribunal acogió la moción radicada por la querellada y ordenó el relevo de la sentencia. De esta determinación es que la parte querellante ha acudido ante nos.
Es doctrina claramente establecida que la esencia y médula del trámite fijado para casos sobre reclamaciones de salario en la Ley Número 2 constituye el procedimiento sumario y su rápida disposición. Desprovisto de esta característica resulta un procedimiento ordinario más, en el cual la adjudicación final que oportunamente recaiga, resulta incompatible con alcanzar en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial. No obstante esta legislación, no impide al patrono presentar todas las defensas con que cuenta al momento de contestar la querella sobre despido injustificado. Lo que intenta es evitar que el patrono dilate innecesaria y viciosamente los procedimientos.
La ley establece que si a la vista del caso sólo compareciera el querellante, el tribunal a instancias de dicha parte dictará sentencia contra el querellado, concediendo el remedio solicitado. La sentencia será final y no podrá apelarse. No obstante, la parte perjudicada podrá solicitar la revisión de los procedimientos, dentro de los diez (10) días siguientes a la notificación de la sentencia. 
Cuando se dicta sentencia en virtud de la citada sección 3123, el Tribunal conserva la discreción concedida en la Regla 49.2 de Procedimiento Civil para relevar del cumplimiento de la sentencia a una parte que demuestre la existencia de error, inadvertencia, sorpresa excusable, negligencia o fraude. La moción invocando la discreción del tribunal deberá radicarse dentro del término de sesenta (60) días de notificada la sentencia. En ella deberá exponerse bajo juramento los motivos en que se funda la solicitud. De no radicarse dicha moción dentro del término y en la forma aquí dispuestos, el tribunal deberá declararla sin lugar de plano.
jtn el caso ante nos, la querellada no compareció a la vista y el Tribunal dictó sentencia en su cc.-.tra de acuerdo a lo dispuesto en la ley. La celebración del juicio fue pospuesta a. instancias del propio querellado. En su moción de reconsideración alegó que no había recibido la notificación de la posposición de la vista. Posteriormente en su petición de relevo de sentencia alegó que su incomparencia fue ocasionada por una inadvertencia de su abogado y la secretaria de éste, quienes recibieron la notificación de la vista y no se fijaron que el señalamiento aparecía en la parte inferior de *945 la notificación.
La moción de relevo de sentencia radicada por la querellada no cumplió con el requisito de juramentación. La ley es clara al establecer que una moción de relevo de sentencia que no está juramentada, debe desestimarse de plano. Aun en el supuesto de que dicha moción cumpliera con los requisitos de forma, las razones aducidas para no haber comparecido a la vista no justifican el relevo de la sentencia. La inadvertencia del abogado y su secretaria al no percatarse que en la notificación de la vista se señalaba la fecha en que ésta habría de celebrarse, no constituye negligencia excusable. La notificación enviada por el tribunal era precisamente para informar a la querellada el nuevo señalamiento de la vista que fue pospuesta a instancias de dicha parte.
Por todas las razones antes expuestas y de conformidad al derecho aplicable se expide el auto y se revoca la determinación recurrida.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 58
1. Rivera González v. JC Penney Company, 119 D.P.R. 660 (1987).
2. 32 L.P.R.A. sec. 3123.