En el Tribunal Supremo de Puerto Rico

| José L. Rodríguez Aguiar<br>        Peticionario<br><br>                V.<br><br>Syntex Puerto Rico, Inc.<br>T/C/P Syntex Roche<br>        Recurridos | Certiorari<br><br>99 TSPR 97 |
| --- | --- |

Número del Caso: CC-1997-0520 Y 521 Consolidados

Abogado de la Parte Peticionaria:  Lcdo. José M. Acevedo Alvarez

Abogado de la Parte Recurrida:     Lcdo. Rafael E. Aguiló Vélez

Tribunal de Instancia, Subsección de Distrito, Sala de Humacao

Juez del Tribunal de Primera Instancia: Hon. Ramón Rojas Peña

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Juez Ponente: Hon. Ortíz Carrión

Fecha: 6/21/1999

Materia: Despido Injustificado

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José L. Rodríguez Aguiar

     Demandante-Peticionario

         v.                      CC-1997-520     Certiorari
                                Cons. CC-1997-521

Syntex Puerto Rico, Inc.
T/C/P Syntex Roche

     Demandados-Recurridos

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 21 de junio de 1999.

# I

La Ley de Reclamaciones por Servicios Prestados, Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 L.P.R.A. § 3120 *et seq*. (1990) (en adelante "la Ley Núm. 2"), provee un procedimiento sumario en virtud del cual se busca lograr la pronta consideración y adjudicación de querellas laborales. Las secciones 4 y 6 de dicha ley disponen que si un patrono no contesta la querella en su contra en la forma y término que exige la Ley Núm. 2, o no comparece al juicio, se dictará sentencia en rebeldía concediendo el

remedio solicitado por el obrero. 32 L.P.R.A. § 3121 y 3123. Estas secciones también disponen unas limitaciones procesales al trámite de revisión judicial de dicha sentencia en rebeldía.

En el recurso de epígrafe, el Tribunal de Primera Instancia dictó una sentencia en rebeldía por una razón distinta a las dos (2) que están dispuestas en las secciones 4 y 6 de la Ley Núm. 2. Por tanto nos corresponde determinar si las limitaciones procesales en el trámite de revisión judicial que disponen dichas secciones, le aplican a una sentencia en rebeldía dictada, al igual que la del caso de autos, por razones diferentes a las dispuestas en las referidas secciones. Tras un examen detenido de los propósitos de la Ley Núm. 2, resolvemos en la afirmativa.

## II.

Los señores José L. Rodríguez Aguiar y Hugo Javier Orellano Martínez ("los obreros") presentaron querellas contra Syntex Puerto Rico, Inc. ("el patrono") a través del procedimiento sumario establecido por la Ley Núm. 2. En dichas querellas alegaron que el patrono los despidió sin justa causa, en violación a la Ley Núm. 80 del 30 de mayo de 1976, según enmendada, 29 L.P.R.A. § 185(a) *et seq.* (1995), y que les adeudaba pago por horas de trabajo regulares y extra, y por trabajo realizado durante el período correspondiente a la toma de alimentos, en transgresión de

la Ley Núm. 379 del 15 de mayo de 1948, según enmendada, 29 L.P.R.A. § 271 *et seq.*[1]

El patrono contestó oportunamente las querellas. Luego de dichas contestaciones, los obreros le cursaron al patrono un interrogatorio en julio. En octubre, dos meses y medio después, se intentó celebrar la conferencia con antelación al juicio. En ese momento el patrono todavía no había contestado los interrogatorios, a pesar que el término dispuesto para contestarlos es de treinta (30) días desde la notificación del interrogatorio. Regla 30.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 30.1 (1983). En dicha conferencia, el patrono expresó que había tenido problemas para producir las contestaciones, por lo que solicitó un término adicional de treinta (30) días para contestar. El tribunal le concedió el término solicitado, y reseñaló la conferencia con antelación al juicio para noviembre.

Los obreros, luego de vencer el último término de treinta (30) días concedídole al patrono para contestar los interrogatorios, presentaron una "Solicitud de Eliminación de Alegaciones de la Querellada, y para que se dicte Sentencia en Rebeldía". Poco después se celebró la segunda conferencia con antelación al juicio, en la cual se discutió la procedencia de la solicitud presentada por los obreros. En dicha conferencia el patrono solicitó, otra vez, tiempo

---

[1] Los casos de cada obrero se procesaron en conjunto tanto en el Tribunal de Primera Instancia como en el Tribunal de Circuito de Apelaciones. Su consolidación formal se llevó a cabo en este Tribunal mediante Resolución del 21 de noviembre de 1997.

adicional para contestar los interrogatorios, a pesar de que para esta fecha ya habían transcurrido alrededor de cuatro (4) meses desde que se le cursaron los interrogatorios.[2] El tribunal de instancia se limitó a expresar en la conferencia que resolvería en los próximos días la controversia sobre si procedía la solicitud presentada por los obreros.

El Tribunal de Primera Instancia  acogió la petición de los obreros, eliminó las alegaciones del patrono, y dictó sentencia en rebeldía concediendo los remedios solicitados. Dicho foro, fundamentó su sentencia en "[e]l carácter sumario del procedimiento, y las actuaciones y omisiones de la parte querellada a través del proceso". La sentencia fue dictada el 20 de noviembre de 1996, y copia de su notificación fue archivada en autos el 4 de diciembre de 1996.

Inconforme, el patrono presentó un "Escrito de apelación" ante el Tribunal de Circuito de Apelaciones el 3 de enero de 1997; es decir, más de diez (10) días después

_____

[2] El patrono tampoco compareció a las dos (2) conferencias preliminares entre abogados, pautadas para preparar un informe conjunto previo a cada conferencia con antelación al juicio que se intentó celebrar. Además, la representación legal del patrono expresó que cierta documentación pertinente a los interrogatorios estaba disponible para el examen de los obreros desde el 7 de noviembre de 1996. No obstante, según el documento llamado "Packing List", la representación legal recibió dicha documentación el 13 de noviembre de 1996. En otras palabras, el patrono puso a la disposición de los obreros una documentación que no tenía en su poder. Véase la Sentencia del Tribunal de Primera Instancia, y el documento llamado "Packing List". Pág. 82, escolio núm. 2 y pág. 125, respectivamente, anejos a la petición de *certiorari* de José L. Rodríguez Aguiar.

del archivo en autos de copia de la notificación de la sentencia apelada.

El tribunal apelativo resolvió, en cuanto a su jurisdicción, que el patrono contaba con un término de treinta (30) días para presentar el recurso, por lo que el mismo se presentó en tiempo. Dicho foro se fundamentó en que la sentencia en rebeldía no se dictó por ninguna de las razones contempladas en las secciones 4 y 6 de la Ley Núm. 2, 32 L.P.R.A. § 3121 y 3123 (en adelante "las secciones 4 y 6"). Por lo tanto, no aplica el término de diez (10) días que disponen dichas secciones, sino el de treinta (30) días aplicable a "toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia". Artículo 4.002(a) de la Ley de la Judicatura, 4 L.P.R.A. § 22(k)(a)(Sup. 1998) y la Regla 53.1(c) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 53.1(c)(Sup. 1998).

El foro apelativo resolvió, al entrar en los méritos del recurso, que ante los "antecedentes procesales [del caso], no se justifica que se eliminaran las alegaciones y se dictara sentencia en rebeldía cuando tal sanción, no fue anticipada por el tribunal apelado y ni tan siquiera se celebró una vista para determinar si existía alguna justificación para la dilación incurrida por [el patrono]".

Inconformes, los obreros acudieron mediante *certiorari* a este Tribunal. En primer lugar, éstos plantean que el tribunal apelativo no tenía jurisdicción para atender el recurso, porque el mismo se presentó luego del término

jurisdiccional de diez (10) días que dispone la sección 4 de la Ley Núm. 2, 32 L.P.R.A. § 3121. En la alternativa, bajo la premisa que hubiese jurisdicción apelativa, argumentan que el tribunal de instancia no abusó de su discreción al eliminar las alegaciones, y dictar la sentencia en rebeldía.

La adjudicación de esta controversia requiere que abordemos en primer lugar el planteamiento jurisdiccional. Por lo tanto, nos corresponde analizar los propósitos legislativos de la Ley Núm. 2 y determinar si, a base de dichos propósitos, el contenido de las secciones 4 y 6 de dicha ley aplica a cualquier sentencia en rebeldía dictada en el procedimiento sumario de reclamaciones laborables.

### III.

La Ley Núm. 2 provee un mecanismo procesal sumario mediante el cual se persigue lograr la rápida consideración y adjudicación de querellas presentadas por empleados u obreros contra sus patronos. Rivera Rivera v. Insular Wire Products, Corp., res. el 24 de mayo de 1996, 140 D.P.R.___ (1996). La naturaleza de este tipo de reclamación exige celeridad en su trámite para así alcanzar los propósitos legislativos de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero así despedido recursos económicos entre un empleo y otro. Rivera Rivera, supra. En vista de su carácter reparador, esta ley debe ser interpretada liberalmente. Piñero González v. A.A.A., res. el 23 de octubre de 1998, 98 TSPR 141.

Hemos expresado en numerosas ocasiones que "[l]a esencia y médula del trámite fijado para casos sobre reclamaciones

de salarios consagrado en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, constituye el procesamiento sumario y su rápida disposición. *Desprovisto de esta característica, resulta un procedimiento ordinario más...*" Díaz v. Hotel Miramar, 103 D.P.R. 314, 316 (1975); Mercado Cintrón v. ZETA Communications, Inc., res. el 7 de abril de 1994, 137 D.P.R. ____ (1994); y Srio. del Trabajo v. J.C. Penney Co., Inc., 119 D.P.R. 660, 665 (1987). La obligación de los tribunales de interpretar esta ley para lograr su propósito legislativo de facilitar la rapidez y celeridad de la resolución de las reclamaciones laborales, emana claramente de su historial legislativo, según fue citado en Dávila v. Antilles Shipping, Inc., res. el 12 de febrero de 1999, 99 TSPR 12, escolio 15.

Para lograr sus propósitos legislativos la Ley Núm. 2 dispone un trámite procesal que, permitiéndole al patrono vindicar sus derechos, es más oneroso para éste. Rivera Rivera, supra. Por ejemplo, dicha ley dispone términos cortos para contestar la querella, criterios estrictos para conceder una prórroga para contestar la querella, limitaciones sobre el uso de mecanismos sobre descubrimiento de prueba, etc. Véase sección 3 de la Ley Núm. 2, 32 L.P.R.A. § 3120.

Asimismo, la Ley Núm. 2 provee penalidades por incurrir en conducta que atente contra el carácter sumario del proceso. En lo pertinente al recurso ante nos, las secciones 4 y 6 de la Ley Núm. 2 establecen consecuencias serias para el patrono cuando se dicta una sentencia en rebeldía en su

contra. Dichas secciones proveen que en la sentencia así dictada (1) se concederá el remedio solicitado por el querellante; (2) la sentencia será final; y (3) no se podrá apelar. Se podrán revisar los procedimientos, sólo si se acude en revisión en el término de diez (10) días siguientes a la notificación de la sentencia.[3]

En Santiago Pérez v. Palmas del Mar Properties, res. el 24 de octubre de 1997, 143 D.P.R. __ (1997) armonizamos la Ley Núm. 2 con la Ley de la Judicatura de 1994, según enmendada, 4 L.P.R.A. § 22 et seq. En dicho caso aclaramos cuál es el foro, y el recurso apropiado, para el proceso apelativo de sentencias dictadas a tenor con Ley Núm. 2. Si se trata de una sentencia en rebeldía bajo las secciones 4 y 6, es de aplicación el inciso (i) del Artículo 4.002 de la Ley de la Judicatura. 4 L.P.R.A. § 22(k)(i). Dicho inciso dispone que el vehículo de revisión será el de certiorari, y el término será el que dispone la "ley para la presentación del recurso equivalente que antes se presentaba ante el Tribunal Supremo". Por lo tanto, será el término jurisdiccional de diez (10) días, según disponen las mismas secciones 4 y 6. Por otro lado, si se dicta una sentencia luego de una vista en su fondo, será de aplicación el inciso

_____

[3] En cuanto al remedio solicitado por el querellante, hemos expresado que alegaciones conclusorias y determinaciones de derecho, al igual que los hechos incorrectamente alegados, no son suficientes para sostener una determinación de responsabilidad. El trámite de un caso en rebeldía tiene como consecuencia jurídica que se estimen aceptados los hechos bien alegados en la querella, pero ello no priva al tribunal de evaluar si en virtud de tales hechos existe válidamente una causa de acción que amerite la concesión del remedio reclamado. Rivera Rivera, supra.

(a) del Artículo 4.002 de la Ley de la Judicatura. 4 L.P.R.A. § 22(k)(a). Dicho inciso dispone que el recurso apropiado será el de *apelación*, y el término jurisdiccional para recurrir al Tribunal de Circuito de Apelaciones será el de treinta (30) días.[4]

Como puede observarse, la Ley Núm. 2 extiende un tratamiento apelativo distinto a una sentencia dictada en rebeldía *vis a vis* las demás sentencias dictadas a tenor con dicha ley. Para sentencias en rebeldía, el término para recurrir en revisión es menor, la revisión es limitada a los procedimientos, y el recurso para dicha revisión es uno discrecional. La razón para ese tratamiento más estricto es el repudio del legislador a cualquier práctica abusiva y dilatoria de un patrono. Es decir, dichas consecuencias son una penalidad por incurrir en la conducta que justificó la sentencia en rebeldía, la cual es conducta reñida con el carácter sumario y los propósitos legislativos de la Ley Núm. 2. Santiago Pérez, supra.

---

[4] Este término de treinta (30) días para sentencias *apelables*, dictadas bajo el procedimiento sumario de la Ley Núm. 2, ya lo habíamos reconocido en Srio. Del Trabajo v. Gómez Hnos., Inc., 113 D.P.R. 204 (1982). El análisis de dicho caso lo hicimos al interpretar la sección 10 de la Ley Núm. 2, por lo que las expresiones de dicho caso nunca han aplicado a sentencias dictadas en rebeldía a tenor con las secciones 4 y 6 de la Ley Núm. 2, como intenta sugerir el patrono en su alegato ante nos. Alegato de la Parte Querellada Recurrida, págs. 6 y 7. Además, debido al resultado al que llegamos en el caso de autos, el análisis de Gómez Hnos., supra, tampoco aplica a una sentencia en rebeldía dictada bajo el procedimiento sumario de la Ley Núm. 2, independientemente de si la razón para dictarla es una de las contempladas en las secciones 4 y 6.

El legislador incluyó en las secciones 4 y 6 dos tipos de conducta que, por contravenir la naturaleza sumaria del procedimiento, justifican dictar una sentencia en rebeldía, y sufrir las severas consecuencias procesales del trámite apelativo. La primera conducta es no contestar oportunamente la querella, y la segunda es no comparecer al acto del juicio, respectivamente. Estas son solamente dos modalidades de un sinnúmero de conductas capaces de contravenir la médula y la esencia de la Ley Núm. 2, y de justificar que se dicte una sentencia en rebeldía.

Un patrono inescrupuloso puede dilatar los procedimientos de diversas maneras. Es decir, éste puede entorpecer maliciosamente los procedimientos *luego* de contestar oportunamente la querella, y *antes* de comparecer al juicio. Por ejemplo, el patrono podría no producir documentos solicitados por el querellante, no contestar interrogatorios, no cumplir oportunamente con órdenes del tribunal, ausentarse a reuniones con los otros abogados, pedir prórrogas injustificadas, etc.[5]

El legislador expresó claramente su preocupación por este tipo de prácticas dilatorias por parte de algunos patronos, en especial mediante el abuso de los mecanismos de

---

[5] Reiteramos que los tribunales de instancia tienen amplia discreción para prohibir y castigar ese tipo de conducta. Estos pueden, entre otras cosas, eliminar alegaciones y defensas, sancionar económicamente a las partes, al abogado o a ambos, y *dictar sentencia en rebeldía.* Véase Reglas 34.2, 34.3 y 34.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 34.2, 34.3 y 34.4; Rivera Rivera, supra; Lluch v. España Service Sta., 117 D.P.R. 729 (1986); y Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807 (1986).

descubrimiento de prueba. Véase, Dávila v. Antilles Shipping, Inc., supra, escolio 31; e Informe de la Comisión del Trabajo a la Cámara de Representantes de 8 de agosto de 1961, 14 Diario de Sesiones, Sesión Extraordinaria, pág. 48, 50.

Ante la posibilidad *real* de que un patrono incurra en las tácticas descritas, sería un contrasentido interpretar la Ley Núm. 2 de manera que las consecuencias apelativas dispuestas en las secciones 4 y 6, *solamente* aplican si la sentencia en rebeldía se dicta por conducta dispuesta expresamente en dichas secciones, mientras que no apliquen cuando se dicta la sentencia por cualquier otra conducta igualmente abusiva o dilatoria.

La interpretación que rechazamos haría *inaplicable* las penalidades procesales apelativas a gran parte de la conducta dilatoria para la cual dichas penalidades fueron diseñadas. El efecto disuasivo de las penalidades desaparecería por completo, *aunque el patrono haya incurrido en tácticas patentemente dilatorias durante todo el pleito*, siempre y cuando el patrono diligentemente conteste la querella y comparezca al juicio. Al favorecer esta interpretación, ignoraríamos que el propósito de estas penalidades fue atender específicamente la preocupación del legislador en cuanto a la conducta dilatoria de algunos patronos. De igual manera, sería un craso incumplimiento de nuestra obligación de darle vigencia al mandato legislativo de diligencia y prontitud en la tramitación judicial de las reclamaciones laborales. Mercado Cintrón, supra.

Es nuestro deber interpretar las leyes para lograr resultados armoniosos, más no resultados absurdos, Pardavco, Inc., v. Srio. de Hacienda, 104 D.P.R. 65, 71 (1975) o irrazonables. García Pagán v. Shiley Caribbean, Etc., 122 D.P.R. 193, 208 (1988). Sería absurdo e irrazonable interpretar esta ley para debilitar sus disposiciones y consecuencias *procesales*, si consideramos que el contenido de ésta es únicamente *procesal*. Piñero González, supra. Por tanto, si debilitamos el proceso, debilitamos la ley.

A tenor con la discusión precedente, resolvemos que si se dicta una sentencia en rebeldía durante el procedimiento sumario bajo la Ley Núm. 2, dicha sentencia será revisable en el término, y con las limitaciones, que se disponen en las secciones 4 y 6 de dicha ley. Entiéndase, la sentencia en rebeldía será final y no podrá apelarse, más se podrá recurrir mediante *certiorari* al Tribunal de Circuito de Apelaciones para que se revisen los procedimientos. El término jurisdiccional para así recurrir será de diez (10) días desde el archivo en autos de copia de la notificación de la sentencia. Secciones 4 y 6 de la Ley Núm. 2; y Santiago Pérez, supra.

**IV.**

Examinados los principios pertinentes de la Ley Núm. 2, nos corresponde aplicar los mismos a los hechos ante nos.

El patrono no contestó los interrogatorios dentro del término que proveen las Reglas de Procedimiento Civil, ni dentro de los términos adicionales que le concedió el tribunal de instancia. Tampoco se presentó a dos (2)

Conferencias Preliminares entre Abogados para preparar un informe conjunto previo a la Conferencia con Antelación al Juicio. Además, el patrono ofreció cierta documentación a los obreros, para supuestamente cumplir parcialmente con las contestaciones de los interrogatorios, cuando todavía no poseía dicha documentación. Ante tan patente conducta dilatoria del patrono, el tribunal le eliminó las alegaciones, y le dictó sentencia en rebeldía en su contra concediendo los remedios solicitados por los obreros.

La copia de la notificación de la sentencia en rebeldía fue archivada en autos el 4 de diciembre de 1996. El patrono presentó su recurso de "apelación" ante el Tribunal de Circuito de Apelaciones el 3 de enero de 1997, más de diez (10) días después del mencionado archivo en autos.

El término jurisdiccional para acudir al tribunal apelativo era el de diez (10) días del archivo en autos de copia de la notificación, y el recurso apropiado era el de *certiorari*. El recurso del patrono fue presentado en exceso del término mencionado, por lo que el Tribunal de Circuito de Apelaciones carecía de jurisdicción para considerarlo. Ante la naturaleza jurisdiccional del término incumplido, lo único que podía hacer el tribunal apelativo era declarar su ausencia de jurisdicción, y no entrar en los méritos del recurso. Pagán Navedo v. Hon. Rivera Sierra, res. el 30 de mayo de 1997, 143 D.P.R.\_ (1997); González Santos v. Bourns P.R., Inc., 125 D.P.R. 48, 63 (1989); y Autoridad sobre Hogares v. Sagastivelza, 71 D.P.R. 436, 439 (1950). Por

esas mismas razones, no hacemos pronunciamiento alguno sobre los méritos del caso de autos.

Por los fundamentos expuestos, resolvemos que el Tribunal de Circuito de Apelaciones carecía de jurisdicción para atender los méritos del recurso de epígrafe, por lo que se revoca la Sentencia recurrida, y se reinstala la Sentencia del Tribunal de Primera Instancia.

Se dictará la Sentencia correspondiente.


                              **FEDERICO HERNÁNDEZ DENTON**
                                    **JUEZ ASOCIADO**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José L. Rodríguez Aguiar

    Demandante-Peticionario

          v.                    CC-1997-520     Certiorari
                                Cons. CC-1997-521

Syntex Puerto Rico, Inc.
T/C/P Syntex Roche

    Demandados-Recurridos

SENTENCIA

San Juan, Puerto Rico, a 21 de junio de 1999.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se revocan las sentencias del Tribunal de Circuito de Apelaciones porque dicho foro carecía de jurisdicción para atender ambos recursos, y se reinstalan las sentencias del Tribunal de Primera Instancia.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

                            Isabel Llompart Zeno
                    Secretaria del Tribunal Supremo