OPINION DISIDENTE EMITIDA POR LA JUEZA DE APELACIONES SRA. RAMOS BUONOMO — 98 DTA 49
La decisión que hoy toma este Tribunal claramente está en contravención con los objetivos que motivaron a la Asamblea Legislativa a aprobar la Ley 2 del 17 de octubre de 1961, 32 L.P.R.A. see. 31128, et. seq.
La mayoría de jueces de este panel denegaron la expedición del auto de certiorari presentado en el caso del epígrafe por el Sr. Fausto París Fraguada ("Sr. París"), por entender que éste no cumplió con los requisitos de notificación establecidos en la Ley 2, supra, al iniciar una reclamación de salarios en contra de su patrono. Tal conclusión está equivocada a la luz de las disposiciones de la Ley 2, supra, y de la jurisprudencia interpretativa de la misma, como discutimos a continuación.
I
La Ley Núm. 2, supra, fue creada con el propósito de establecer un procedimiento sumario para las reclamaciones de obreros y empleados contra sus patronos por servicios prestados. Las disposiciones de la ley intentan lograr la rápida adjudicación de tales reclamaciones, de forma que los patronos no dilaten innecesaria y viciosamente los procedimientos en perjuicio de los obreros o empleados. Srio. del Trabajo v. J.C. Penney Co. Inc., 119 D.P.R. 660 (1987).
Reconociendo la disparidad económica que existe entre el patrono y el obrero, se creó mediante esta ley un mecanismo de protección a los empleados, imponiendo una carga procesal más onerosa a los patronos, sin que ello signifique que éstos están privados de proteger sus derechos. Rivera Rivera v. Insular Wire Products Corp., _ D.P.R. _ (1996), 96 J.T.S. 76.
*898 A tenor con lo anterior, evaluemos los hechos del presente caso y la manera desacertada en que, nuestro criterio, resolvió la controversia la mayoría de este panel del Tribunal de Circuito de Apelaciones.
II
Los hechos del presente caso, sencillos por demás, son los siguientes:
El 21 de septiembre de 1995 el Sr. París presentó querella contra su patrono, al amparo de los procedimientos dispuestos por la Ley 2, supra. En dicha querella el Sr. París reclamaba salarios dejados de percibir, daños, angustias mentales y la correspondiente mesada.
El 22 de septiembre de 1995 fue diligenciada la notificación de la querella, la cual estaba dirigida a Nelson L. Capote h/n/c Santa Paula Oil Corp. (en adelante "la Corporación"). Dicha notificación fue entregada personalmente al Sr. Jorge González Maldonado, gerente de la Corporación.
El Sr. Nelson Capote Ferrer contestó la querella, levantando como una de sus defensas que nunca había sido patrono del Sr. París en su carácter personal. Por su parte, la Corporación nunca contestó la querella presentada en su contra, por lo que el Sr. París solicitó al tribunal a quo que le anotara la rebeldía, a tenor con lo dispuesto por la Ley 2, supra.
El 8 de febrero de 1996 el tribunal recurrido dictó resolución en la que declaró sin lugar la solicitud de anotación de rebeldía. No conforme, el Sr. París solicitó ante este Tribunal la revocación de dicha determinación alegando que erró el tribunal a quo al denegar su solicitud, luego de que la Corporación fuera debidamente notificada de la querella a través de uno de sus ejecutivos, conforme lo establecido en la Ley 2, supra.
Ante tales hechos, la mayoría de este panel denegó la expedición del recurso de certiorari presentado por el Sr. París. Resuelven que la Corporación nunca fue debidamente emplazada, por lo que no procedía que el Tribunal de Primera Instancia accediera a la solicitud de anotación de rebeldía que contra ésta había presentado el Sr. París. Este panel resolvió, además, que la querella presentada por el Sr. París no cumple con los requisitos de la Ley 2, supra, ni de la jurisprudencia aplicable, ya que las alegaciones contenidas en la misma son estereotipadas y de tipo general. Disentimos con lo aquí resuelto. Nos explicamos.
III
Según dispone la Ley 2, supra, una vez un empleado u obrero ha radicado una querella contra su patrono en reclamación de cualquier derecho o beneficio, el secretario del tribunal deberá notificar a la parte querellada a través de un alguacil o persona particular. El artículo 1 de la Ley, supra, expresamente dispone que cuando la persona encargada de diligenciar la notificación no encuentre al querellado, podrá entregar la misma a cualquier representante de éste en el lugar de trabajo. A tales efectos dicho artículo dispone lo siguiente:
"El alguacil o una persona particular diligenciará la notificación del secretario del tribunal al querellado. Si no se encontrare el querellado se diligenciará la orden en la persona que en cualquier forma represente a dicho querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia...". (Enfasis suplido.)
Cabe señalar que el mecanismo de notificación provisto por la Ley 2, supra, es distinto al emplazamiento dispüesto en la Regla 4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, Regla 4. Se trata de un procedimiento más informal que no tiene que cumplir con las exigencias procesales del emplazamiento.
Según el antes transcrito artículo, una vez el querellado queda debidamente notificado, la ley establece que dicha parte deberá presentar su contestación a la querella por escrito, dentro de los diez (10) días siguientes a la notificación. De no recibirse contestación dentro del período establecido, la ley dispone que se dictará sentencia en contra del querellado, concediéndose lo solicitado por el empleado sin que aquél tenga oportunidad de ser oído en el proceso. 
*899 En el caso que nos ocupa, la querella del Sr. París estaba dirigida al Sr. Nelson L. Capote, haciendo negocios como Santa Paula Oil Corp. La notificación de la misma fue entregada personalmente al Sr. Jorge Maldonado, gerente de la Corporación, tal y como lo dispone la ley. Artículo de la Ley Núm. 2, supra.
Contrario a lo que opina la mayoría de este panel, en el presente caso la Corporación sí fue debidamente notificada de la reclamáción en su contra. Habiéndosele entregado personalmente la citación y emplazamiento al gerente de la propia corporación, ésta está claramente notificada del procedimiento sumario que se había iniciado en su contra. El hecho de que el Sr. Nelson L. Capote hubiese contestado la querella y hubiese presentado las defensas que le correspondía presentar a la Corporación no cambia el resultado del caso, puesto que el verdadero patrono del Sr. París lo es la Corporación, y es a ésta a quien iba dirigida la citación y emplazamiento. Según surge de la misma querella, el procedimiento no va dirigido contra el Sr. Nelson L. Capote en su carácter personal o como patrono del Sr. París, sino al Sr. Nelson L. Capote, haciendo negocios como Santa Paula Oil Corp.
A pesar de tener conocimiento sobre la querella presentada en su contra a través de una debida notificación, Santa Paula Oil Corp. no compareció ante el tribunal dentro del período dispuesto por ley. Por tanto erró el Tribunal de Primera Instancia al no anotar la rebeldía a Santa Paula Oil Corp. una vez transcurrió el término dispuesto por ley sin que la misma se expresara en torno a la querella presentada en su contra. Una vez se incumplen los términos establecidos, la Ley 2, supra, no concede discreción a los tribunales, sino que exige que se dicte sentencia en contra del querellado.
Como uno de los fundamentos utilizados para apoyar su conclusión, la mayoría de este panel indica en su opinión lo siguiente:
"En las alegaciones de la querella no se menciona el nombre de Santa Paula Oil Corp. Las alegaciones sólo aluden a "la parte querellada". Asimismo, el epígrafe sólo alude al querellado (nótese que no dice "los querellados")". (Enfasis en el original.)
Cabe destacar que el hecho de que en las alegaciones de la querella no se mencionara el nombre de Santa Paula Oil Corp. y que las mismas aludan sólo a la "parte querellada", no es óbice para que este Tribunal resuelva el presente caso conforme a lo dispuesto en la Ley 2, supra. Mucho menos lo es el hecho de que en el epígrafe sólo se hubiese hecho alusión al "querellado" y no a "los querellados".
En primer lugar, basta señalar que los casos se resuelven conforme a los méritos del mismo, y que un mero error en el epígrafe no es suficiente para privar a una parte de los derechos que les corresponde. Tal y como se indicó en Reyes Castillo, supra, citando lo resuelto en Serra v. Autoridad de Transporte, 68 D.P.R. 626, 629-30 (1948), "hace tiempo los tribunales han abandonado la teoría de que impartir justicia constituye un juego. Los litigantes deben hacer lo mismo. Ninguna parte en un procedimiento tiene un interés adquirido en los errores gramaticales y de procedimiento incurridos por el adversario". Según hemos explicado, la parte querellada en el caso del epígrafe es Santa Paula Oil Corp., representada por el Sr. Nelson Capote, y en su carácter personal. La mayoría de este panel se ha dejado confundir por el simple hecho de que en la querella y en su correspondiente emplazamiento se incluyó como querellada a una persona en representación del patrono. No ha sabido distinguir que a quien verdaderamente se notificó fue a la Corporación a través de uno de sus representantes.
Tampoco puede alegar la Corporación que la solicitud del Sr. Paris, a los efectos de que le fuera anotada la rebeldía, atenta contra el principio elemental del debido proceso de ley. En el presente caso, la Corporación fue debidamente notificada del procedimiento en su contra, lo cual la colocó en posición de defender sus derechos, de así estimarlo pertinente. Esto claramente cumple con el propósito del emplazamiento, como parte indispensable del debido procedo de ley. Rodríguez v. Nasrallah, 118 D.P.R. 93 (1986).
IV
Además de resolver que la Corporación no fue debidamente notificada de la reclamación que en su *900 contra presentó el Sr. Paris, la mayoría de este Tribunal determinó que no procedía conceder el remedio solicitado por éste ya que las alegaciones contenidas en la querella no cumplen con los requisitos de la Ley 2, supra, ni de la jurisprudencia interpretativa de la misma. Respetuosamente sostenemos que una vez más erró la mayoría al evaluar los méritos del caso de marras.
Para apoyar su posición la mayoría de este panel descansa en lo resuelto en Rivera Rivera, supra. Sin embargo, la norma establecida en dicho caso dista mucho de la posición asumida en la opinión mayoritaria.
En Rivera Rivera, supra, el Tribunal Supremo hizo un amplio análisis, no tan sólo de los propósitos de la Ley 2, sino del alcance de las normas procesales y del procedimiento sumario establecido mediante dicha ley a favor de los obreros y empleados.
En dicho caso el Tribunal Supremo recalcó que como norma general sólo se requiere que las partes bosquejen "a grandes rasgos, cuáles son las reclamaciones, de forma tal que la parte demandada quede notificada de la naturaleza general de las contenciones en su contra y pueda comparecer a defenderse si así lo desea." Sólo en contadas ocasiones las reglas procesales exigen a las partes hacer alegaciones específicas en sus reclamaciones. Rivera Rivera, supra, a las págs. 1172-73.
En virtud de lo anterior, el Tribunal Supremo hizo un análisis del mecanismo de anotación de rebeldía provisto por la Ley 2, supra. A tales efectos indicó lo siguiente:
"En cuanto a la sentencia en rebeldía que se dicta al amparo del procedimiento sumario de la Ley Núm. 2, hemos reconocido que las disposiciones y normas interpretativas de la Regla 45 de Procedimiento Civil serán aplicables en todo aquello en que no estén en conflicto con disposiciones específicas de la Ley Núm. 2, o con el carácter sumario del procedimiento que allí se establece". Rivera Rivera, supra, a la pág. 1173.
Al resolver que las disposiciones de la Regla 45 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, Regla 45, no están en conflicto con las disposiciones de la Ley 2, el Tribunal Supremo determinó que al dictar sentencia en rebeldía en procedimientos iniciados al amparo de dicha ley, solamente "se entienden aceptados los hechos bien alegados en la querella". Sin embargo, nuestro más alto foro también resolvió que dictar sentencia en rebeldía no impide que los tribunales puedan evaluar los méritos de la causa de acción, ya que éstos tienen facultad para celebrar aquellas vistas que entiendan necesarias y adecuadas para comprobar la veracidad de cualquier reclamación contenida en una demanda o querella, cuando se trata de un caso en rebeldía. Rivera Rivera, supra, a la pág. 1174. También se resolvió expresamente en este caso que lo anterior no está reñido con el carácter rápido y sumario que caracteriza el procedimiento establecido por la Ley 2, por lo cual la norma anteriormente esbozada es de aplicación a tales procedimientos. Rivera Rivera, supra, a la pág. 1174.
De acuerdo a la doctrina prevaleciente, el efecto que tiene para un demandado o querellado la celebración de una vista en rebeldía es que, aun cuando dicha parte no tiene derecho a presentar prueba para controvertir los hechos alegados por el demandante o querellante, sí se le concede la oportunidad de refutar la reclamación, contrainterrogando a los testigos contrarios e impugnando la cuantía de los daños. Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809 (1978).
A la luz de la norma anterior, entendemos que es errónea la conclusión a la que llegó la mayoría de este panel, ya que el mero hecho de que éstos entendieran que las alegaciones incluidas por el Sr. París en su querella eran generales, no constituía impedimento para que el foro recurrido anotara la rebeldía a la Coiporación, cual solicitado.
En el caso de autos procedía que el tribunal a quo anotara la rebeldía a la Corporación a tenor con las disposiciones de la Ley 2, supra, y, de entender dicho foro que las alegaciones contenidas en la querella eran muy generales, celebrar una vista en rebeldía para comprobar la veracidad de los hechos alegados por el Sr. Paris en su querella, sin desvirtuar el procedimiento.
Por último, contrario a lo que alega la mayoría de este panel, el foro recurrido incidió al convertir el procedimiento sumario de reclamación de salarios en un pleito civil ordinario. Aunque en Rivera *901 Rivera, supra, se reconoce la discreción que tienen los tribunales para tal acción, el propio Tribunal Supremo indicó que tal determinación debe hacerse "a la luz de los hechos que se le presenten y el desarrollo procesal del caso". Tal facultad se reconoció en Rivera Rivera, supra, por tratarse de un caso complejo en el que se solicitaban distintos remedios al amparo de diversas leyes.
Sin embargo, tal y como esbozáramos anteriormente, el Tribunal Supremo ha reconocido expresamente que le celebración de una vista en rebeldía no está reñida con la naturaleza sumaria del procedimiento de reclamación de salarios establecido en la Ley 2, supra, lo que significa que el llevar a cabo la misma no implica que el proceso tenga que convertirse en uno ordinario. Por tanto, ante un caso como el que nos ocupa, incidió el tribunal a quo al descartar el procedimiento sumario establecido en la Ley 2, supra, aun cuando los derechos del Sr. París, como empleado de la Corporación, quedaban mejor protegidos al amparo de dicha ley, al no estar envuelta en este caso una cuestión compleja que requiriera la celebración de un procedimiento ordinario.
Lo que pretende la mayoría de este panel es la derogación subsilencio de la Ley 2, supra, a pesar de que el propósito de la misma es proteger los derechos de los trabajadores puertorriqueños. Sin embargo, este no es foro adecuado para lograr dicho fin. Nuestro más alto foro ha sostenido una y otra vez la validez del procedimiento sumario establecido por dicha ley. El derogar la misma es función que corresponde a la Asamblea Legislativa y no a la rama judicial. Mientras esté vigente dicha pieza legislativa es nuestra obligación respetarla y seguir los procedimientos que en ella se disponen.
Por todo lo cual, erró la mayoría de este panel al denegar la expedición del recurso de certiorari presentado por el Sr. París. Procede en derecho revocar la sentencia recurrida, anotar la rebeldía a Santa Paula Oil Corp., por no haber comparecido ante el tribunal recurrido dentro del término provisto por la Ley 2, supra, una vez fue debidamente notificada, y devolver el caso al Tribunal de Primera Instancia para que éste celebre una vista en rebeldía, de entender que las alegaciones del Sr. París no son suficientes para conceder el remedio solicitado.
JEANNETTE RAMOS BUONOMO
Jueza de Apelaciones
ESCOLIOS OPINION DISIDENTE DE LA JUEZA DE APELACIONES SRA. RAMOS BUONOMO — 98 DTA 49
1. A pesar de que la Ley 2, supra, no tiene exposición de motivos, el propósito de la misma se desprende del proyecto de dicha legislación. P. del S. 194.
2. Apéndice del certiorari, anejo II, pág. 3
3. Artículo 1 de la Ley 2, supra, 32 L.P.R.A. sec. 3120.
4. El artículo 1 de la Ley 2, supra, establece en su parte pertinente lo siguiente:
"El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito,... dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, apercibiéndole además que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado sin más citarle ni oírle." (Enfasis suplido.)
5. Nuestro Tribunal Supremo ha sido flexible al aplicar las reglas procesales en situaciones como las que nos ocupa. A manera de ejemplo, en Reyes Castillo v. Cantera Ramos Inc., _ D.P.R. _ (1996), 96 J.T.S. 9, al revocar una actuación del Tribunal de Primera Instancia en la que desestimó las reclamaciones de los demandantes, por no haberse incluido en el epígrafe las sociedades de gananciales compuestas respectivamente por los demandados, el Tribunal Supremo señaló lo siguiente:
"Esta interpretación de las alegaciones, indiscutiblemente cumple con el propósito de hacer justicia *902 sustancial sin violentar el debido proceso de ley. En un caso donde han comparecido ambos cónyuges como demandantes, el sólo hecho de haberse omitido en el epígrafe la frase "y en representación de la sociedad de bienes gananciales compuesta por ambos" no los priva de la reclamación perteneciente a esa entidad creada en virtud de su matrimonio, si del resto de las alegaciones de la demanda interpretadas en conjunto y deforma liberal a favor de los demandantes junto con el epígrafe y la súplica razonablemente se desprenden dichas relaciones." (Enfasis suplido.)
A la luz de lo anterior, mucho menos procedía en el presente caso denegar la solicitud de anotación de rebeldía presentada por el Sr. París por el sólo hecho de que en vez de incluir en el epígrafe de su querella a la Corporación como querellada, lo hiciera utilizando la frase, "Sr. Nelson Capote h/n/c Santa Paula Oil Corp.", cuando de sus alegaciones y súplica se desprende claramente que sus reclamos iban dirigidos contra su patrono, que en este caso era Santa Paula Oil, Corp.
6. Rivera v. Municipio de Guaynabo, _ D.P.R. _ (1996), 96 J.T.S. 101; Rivera Rivera, supra; Resto Maldonado v. Galarza Rosario, 117 D.P.R. 458 (1986); Landrum Mills Corp. v. Tribunal Superior, 92 D.P.R. 684 (1965); Dorado Beach Corp. v. Tribunal Superior, 92 D.P.R. 610 (1965).