Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| BEST BENNER BUILDING CORP.<br><br>Recurrida<br><br>v.<br><br>JESMALIE LÓPEZ LÓPEZ, JOHN DOE, FULANO DE TAL Y OTROS<br><br>Peticionaria | KLCE202500308<br><br>consolidado con | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso núm.: CG2024CV04393 (803)<br><br>Sobre: Libelo, Calumnia o Difamación, Procedimiento Sumario bajo Ley Núm. 2, Discrimen (Ley Núm. 100), Despido Injustificado (Ley Núm. 80), Lactancia (Ley núm. 427-2000), Ley de Protección de Madres Obreras en Lugar de Trabajo (Ley Núm. 3), Ley de Represalia en el Empleo (Ley Núm. 115-1991) |
| JESMALIE LÓPEZ LÓPEZ<br><br>Recurrida<br><br>v.<br><br>BENNER PRODUCTS – LA CASA DE LOS PLAFONES – BEST BENNER BUILDING CORP. Y OTROS<br><br>Peticionaria | KLCE202500534 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso núm.: CG2024CV01635<br><br>Sobre: Despido injustificado (Ley Núm. 80) y otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2025.

El Tribunal de Primera Instancia ("TPI") ordenó la consolidación de un caso laboral que se tramita por la vía sumaria (Ley 2, *infra*) con una acción civil separada, instada por el patrono en contra de la empleada (en esencia, por persecución maliciosa);

posteriormente, dicho foro denegó una solicitud del patrono para deponer a la Empleada. Según se explica a continuación, concluimos que erró el TPI al consolidar los recursos, y hemos determinado, en el ejercicio de nuestra discreción, no intervenir con la determinación del TPI de no autorizar la deposición solicitada.

I.

En mayo de 2024, la Sa. Jesmalie López López (la "Empleada") presentó la acción de referencia, de índole laboral (la "Querella", CG2024CV01635), en contra, en lo pertinente, de Best Benner Building Corp. y el Sr. Francisco Benero García (en conjunto, el "Patrono"). La Demanda se presentó bajo el procedimiento sumario dispuesto por la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA Sec. 3118 ("Ley 2").

La Empleada alegó que había comenzado a trabajar en el negocio del Patrono, conocido como *La Casa de los Plafones*, en junio de 2019. Sostuvo que, luego de su embarazo y su licencia de maternidad, le "hicieron ajustes en el sueldo", le "cambiaron su clasificación de empleada" y fue víctima de "acoso laboral". Afirmó que el Patrono "no tenía facilidades para la extracción de leche". Aseveró que fue despedida injustificadamente y, por tanto, no pudo recibir "su bono de productividad según lo acordado entre las partes". También alegó que fue objeto de represalias por el Patrono, pues este suministró "datos falsos" a la Policía de Puerto Rico. Así pues, reclamó que fue objeto de discrimen por sexo, que el Patrono violó varias leyes que protegen a las madres obreras, que fue objeto de acoso laboral, represalias y despido injustificado, y que hubo incumplimiento de contrato.

El Patrono contestó la Demanda. Negó que la Empleada fuese despedida y afirmó que esta no fue objeto de discrimen o de acoso. Sostuvo que había respetado todos los derechos de la Empleada.

Con la referida contestación, el Patrono incluyó una "Reconvención" (la "Reconvención"); alegó que la Empleada había sido "negligente y dolosa en sus acciones" (sin especificar cuáles) y que, por ello, le había causado "malestar [y] angustias mentales", así como daños a su "reputación", "provocando ... pérdidas económicas [y] gastos".

La Empleada solicitó la desestimación de la Reconvención, sobre la base de que la misma está prohibida por ley en casos que se tramitan bajo la Ley 2.

Por su parte, el Patrono solicitó al TPI que convirtiese el caso al trámite ordinario y, así, permitiese la Reconvención.

El TPI, luego de haber inicialmente accedido a esta solicitud, reconsideró y, mediante una Orden notificada el 17 de septiembre, "dej[ó] sin efecto la conversión del caso a la vía ordinaria", por lo que dispuso que "la reconvención se da por no sometida".

Mientras tanto, el 2 de diciembre, el Patrono presentó una acción civil separada, sobre daños y perjuicios (la "Demanda", CG2024CV04393), en contra de la Empleada. Alegó que la Empleada le ha causado daños "haciendo alegaciones falsas, imputando falsamente alegadas violaciones a [sus] derechos ..., así como alegando discrimen en el empleo, acoso laboral, despido injustificado, represalias [e] incumplimiento de contrato". Afirma que la Empleada, al presentar la Querella, formuló "alegaciones falsas". Sostiene que lo actuado por la Empleada ha causado que tenga que "incurrir en gastos significativos, para ir a diferentes foros a defenderse de las falsas alegaciones" de la Empleada.

El 7 de febrero, la Empleada solicitó la desestimación de la Demanda (la "Moción de Desestimación"). Entre otros asuntos, la Empleada subrayó que "bajo ningún concepto jurídico se podría tener una compensación basada en la existencia de un caso ante la consideración de un Tribunal".

De forma *sua sponte*, mediante una Orden notificada el 13 de febrero (la "Orden de Consolidación"), el TPI ordenó que se consolidara la Demanda con la Querella. Razonó que la Demanda y la Querella comparten "las mismas partes [y] los mismos hechos, controversias y cuestiones de derecho".

El 20 de febrero, la Empleada solicitó la reconsideración de la Orden de Consolidación. Arguyó que la Ley 2 prohíbe la presentación de una reconvención y, dada la similitud entre la Demanda y la Reconvención (no permitida por el TPI en el contexto de la Querella), era improcedente la consolidación, pues se "complicaría el litigio y cambiaría su naturaleza sumaria".

Mediante una Orden notificada el 25 de febrero, el TPI denegó la referida moción de reconsideración, indicando que "las causas de acción permanecen separadas".

El 27 de marzo, la Empleada presentó uno de los recursos que nos ocupa (KLCE202500308); solicita la revisión de la Orden de Consolidación[1]. Plantea que dicha orden obliga a la "tramitación conjunta de dos causas de acción incompatibles en cuanto a su naturaleza y manejo procesal", y que el "daño más grave se refleja en el descubrimiento de prueba, ya que el procedimiento sumario bajo la Ley Núm. 2 limita de forma estricta el descubrimiento de prueba, mientras que" el trámite de la Demanda exigiría un descubrimiento más "amplio y complejo". Sostuvo que, con la consolidación, se obtiene, para todo fin práctico, lo que ya el TPI había denegado: la conversión del caso a la vía ordinaria.

---

[1] El Patrono solicitó la desestimación del recurso sobre la base de que su apéndice estaba incompleto. Este Tribunal denegó la referida moción de desestimación. El 21 de mayo, el Patrono solicitó la reconsideración de esta determinación. Hemos determinado denegar esta moción de reconsideración. Aun partiendo de la premisa de que la Empleada presentó un apéndice incompleto, ello no impide nuestro trabajo revisor en este caso, pues tenemos acceso a la totalidad de los expedientes de los casos de referencia por conducto de la correspondiente plataforma electrónica (SUMAC).

Mediante una Resolución de 8 de abril de 2025, este Tribunal le ordenó al Patrono mostrar causa, en 10 días, por la cual no deberíamos expedir el auto solicitado y revocar la Orden de Consolidación.

Mediante un escrito de 15 de abril, el Patrono compareció; se limitó a reiterar que debía desestimarse el recurso porque su apéndice no estaba completo.

II.

Mientras tanto, el 23 de abril, ya en el contexto de los casos consolidados, el Patrono citó a la Empleada a una deposición (la "Citación").

El 1 de mayo, la Empleada se opuso a la Citación. Planteó que, bajo la Ley 2, "se permite solo una vía de descubrimiento de prueba, salvo autorización expresa del Tribunal para hacer uso de métodos adicionales". Resaltó que, como el Patrono ya le había cursado un interrogatorio, no procedía la Citación, salvo que el TPI lo autorizara antes en atención a que el Patrono acreditase unas "circunstancias excepcionales" que pudiesen justificarlo. Arguyó que, aun de entenderse que la Citación se refería solo al trámite de la Demanda, primero debía atenderse la Moción de Desestimación.

Mediante una Orden notificada el 5 de mayo, el TPI dejó sin efecto la Citación, observando que la Querella se tramita "bajo el procedimiento sumario" (la "Orden Protectora").

El 15 de mayo, el Patrono presentó el otro recurso de referencia que nos ocupa (KLCE202500534[2]), en solicitud de revisión de la Orden Protectora. Plantea que la deposición era necesaria porque el caso era "complejo con varias causas de acción" y porque eran deficientes las contestaciones de la Empleada al interrogatorio que se le sometió.

---

[2] Por tratarse de recursos relacionados entre sí, por la presente ordenamos su consolidación.

III.

Concluimos que erró el TPI al consolidar la Demanda con la Querella. Aunque ambos casos son entre las mismas partes, y giran en torno a hechos similares, la forma sumaria en la que se debe tramitar la Querella es incompatible con el proceso ordinario aplicable a la Demanda. Puesto de otra forma, en la práctica, no hay realmente forma de tramitar adecuadamente la Querella si esta se consolida con una acción civil ordinaria.

Adviértase que la Ley 2 se estableció con el propósito de crear un procedimiento sumario que facilite el que obreros y empleados sostengan reclamaciones, de índole laboral, contra sus patronos. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 731-732 (2016); *León v. Rest. El Tropical*, 154 DPR 249, 253, (2001). La esencia del trámite sumario de esta ley es remediar la disparidad económica existente entre las partes, al instarse este tipo de reclamación. *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 922 (1996).

De esta forma, se ha reconocido que la médula del trámite sobre reclamaciones salariales consagrado en la Ley 2 "constituye el procesamiento sumario y su rápida disposición." *Díaz v. Hotel Miramar Corp.*, 103 DPR 314, 316 (1975); *Srio. del Trabajo v. J.C. Penney Co., Inc.*, 119 DPR 660, 665 (1987).

Es precisamente por ello que, por ejemplo, la Ley 2 impide que el Patrono presente una reconvención y restringe significativamente el descubrimiento de prueba. 32 LPRA sec. 3120. Lo ocurrido en este caso, como resultado de la Orden de Consolidación, ilustra perfectamente el problema que la Ley 2 pretendió evitar. Primero, a pesar de que la Ley 2 impide las reconvenciones, y a pesar de que ya el TPI había denegado convertir el trámite a uno ordinario, por lo cual no autorizó la reconvención pretendida por el Patrono, a raíz de la consolidación, el Patrono, para todo efecto práctico, logró re-incorporar al litigio sumario la reconvención prohibida por la Ley 2.

Por tanto, la Orden de Consolidación resultó en una burla a lo dispuesto por la Ley 2.

Segundo, a pesar de que la Ley 2 restringe el descubrimiento de prueba, el Patrono pretende, al menos en parte, justificar la Citación precisamente sobre la base de que tiene derecho a un amplio descubrimiento en el contexto de la Demanda. Pero es precisamente por eso que los trámites resultan incompatibles; no es posible para el TPI encausar rápidamente la Querella, con su limitado descubrimiento y, al mismo tiempo, adjudicar una acción ordinaria sujeta a un descubrimiento más amplio.

En cuanto a la Orden Protectora, analizada en el contexto de la Querella, declinamos la invitación a intervenir en esta etapa con la discreción ejercida por el TPI al concluir que no se han acreditado, en este caso, las circunstancias excepcionales que justificarían expandir el descubrimiento de prueba más allá de lo que contempla la Ley 2. Por supuesto, una vez el trámite de la Demanda se reanude en la sala correspondiente, **luego de que se adjudique la Moción de Desestimación que todavía está pendiente** (y si la misma se denegase), el Patrono tendría allí derecho a deponer a la Empleada.

IV.

Por los fundamentos que anteceden, se expide el auto solicitado a través del recurso KLCE202500308 y se revoca la orden allí recurrida, por lo cual se deja sin efecto la consolidación de los casos de referencia y se devuelven los mismos para trámites ulteriores compatibles con lo aquí resuelto y dispuesto; además, se deniega la expedición del auto solicitado a través del recurso KLCE202500534.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones