Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| SHIRLEY MORÁN ALVERIO y JOSUÉ HERNÁNDEZ SANTA<br><br>Apelantes<br><br><br>v.<br><br><br>METRO CAGUAS INCORPORATED<br><br>Apelado | TA2025AP00095 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso número: CG2024CV04497<br><br>Sobre: Despido Injustificado Desestimación Procedimiento Sumario (Ley 2 de 1961) |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 14 de agosto de 2025.

Comparece la parte apelante, Shirley Morán Alverio y Josué Hernández Santa, mediante el recurso de epígrafe y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 23 de junio de 2025, notificada al día siguiente. Mediante el referido dictamen, el foro primario declaró Ha Lugar la solicitud de desestimación promovida por la parte apelada, Metro Caguas Incorporated.

Por los fundamentos que expondremos a continuación, se revoca el dictamen apelado. Veamos.

### I

El 10 de diciembre de 2024, Shirley Morán Alverio (Morán Alverio) y Josué Hernández Santa (Hernández Santa) (apelantes) radicaron una *Querella* sobre despido injustificado, a tenor con el procedimiento sumario para reclamaciones laborales dispuesto en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley

Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2-1961), en contra de Metro Caguas Incorporated (Metro o apelada). [1] Por su parte, el 7 de enero de 2025, Metro presentó su alegación responsiva, en la cual negó las alegaciones en su contra y levantó varias defensas afirmativas, entre ellas la falta de jurisdicción sobre la materia.

Posteriormente, el 31 de enero de 2025, Metro instó una *Moción de Desestimación por Falta de Jurisdicción y Solicitud de Paralización*, mediante la cual argumentó que el Tribunal de Primera Instancia carecía de jurisdicción sobre la materia.

Por su parte, Morán Alverio y Hernández Santa se opusieron el 14 de febrero de 2025. En síntesis, plantearon que el petitorio de desestimación no cumplía con el procedimiento sumario contemplado en la Ley Núm. 2-1961, *supra.* Sostuvieron que dicho ordenamiento permitía presentar una sola alegación responsiva en donde se acumulara todas las alegaciones y defensas para ser resueltas todas en una vista plenaria. En virtud de ello, solicitaron que se denegara de plano la moción de desestimación presentada por Metro.

Luego de varios trámites procesales incompatibles con el procedimiento sumario de la Ley Núm. 2-1961, *supra*, el 23 de junio de 2025, notificada al día siguiente, el foro primario emitió la *Sentencia* que nos ocupa, mediante la cual declaró Ha Lugar la solicitud de desestimación promovida por Metro. En lo pertinente, el foro *a quo* expresó que el Tribunal Supremo de Puerto Rico había resuelto que un patrono no podía presentar una moción de desestimación previo a su alegación responsiva, ya que ello atentaría en contra de la naturaleza sumaria del procedimiento laboral bajo

---

[1] El 8 de enero de 2025, Metro presentó una *Solicitud de Conversión al Procedimiento Ordinario*, a la cual se opusieron Morán Alverio y Hernández Santa. Sin embargo, del expediente no surge que el Tribunal de Primera Instancia adjudicara el asunto.

la Ley Núm. 2-1961, *supra*. Sin embargo, indicó que no había encontrado manifestación alguna en la jurisprudencia interpretativa en cuanto a que el patrono no pudiera presentar adicionalmente una moción de dicha naturaleza en la cual reclamara que el tribunal no tenía jurisdicción.

Inconforme, el 3 de julio de 2025, la parte apelante instó el recurso de epígrafe y señaló los siguientes errores:

COMETIÓ EL TPI ERROR DE DERECHO AL DETERMINAR QUE SE PUEDE PRESENTAR UNA MOCIÓN DE DESESTIMACIÓN BAJO EL PROCED[I]MIENTO SUMARIO DE RECLAMACIONES LABORALES.

COMETIÓ EL TPI ERROR DE DERECHO AL DECRETARSE SIN JURISDICCIÓN DEBIDO A QUE LA CONTROVERSIA DEL CASO ES UNA ESTATAL, SEGÚN REITERA[DA]MENTE RESUELTO POR LA JURISPRUDENCIA EN TODO ESTADOS UNIDOS Y PUERTO RICO, LO QUE LE BRINDA PLENA JURISDICCIÓN A LOS TRIBUNALES DE PRIMERA INSTANCIA.

COMETIÓ EL TPI ERROR DE DERECHO AL DECRETARSE SIN JURISDICCIÓN YA QUE LA JURISDICCIÓN DEL TRIBUNAL ESTATAL SOBRE EL ASUNTO, AUN ASUMIENDO COMO CORRECTA LA TEOR[Í]A DE LA APELADA, SERÍA CONCURRENTE CON LAS CORTES DE QUIEBRA, LO QUE OBLIGA AL TPI A ATENDER LOS ASUNTOS DE ESTE CASO; TODO LO ANTERIOR ESTÁ BASADO EN JURISPRUDENCIA CENTENARIA Y TRILLADA DE LOS TRIBUNALES DE ESTADOS UNIDOS Y PUERTO RICO.

COMETIÓ EL TPI ERROR DE DERECHO AL DECIDIR QUE EL ACUERDO DE VENTA DISPUSO DE LOS DERECHOS DE LOS APELANTES, ACTUANDO ASÍ EL TPI EN CONTRA DE TODOS LOS PRECEDENTE DEL TRIBUNAL SUPREMO Y DE ESTE FORO, ESPECIALMENTE DE LA REGIÓN DE CAGUAS.

VIOLÓ EL TPI EL DERECHO CONSTITUCIONAL DE LOS APELANTES A TENER ACCESO A LOS TRIBUNALES.

En cumplimiento con nuestra *Resolución* del 4 de agosto de 2025, la parte apelada compareció mediante *Alegato de la Parte Apelada*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

La Ley Núm. 2-1961, *supra,* establece un procedimiento de naturaleza sumario para aquellos casos que versen sobre reclamaciones de una persona obrera o empleada en contra de su patrono, referentes a cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados, o en ocasión a un despido de su empleo sin justa causa, todo en aras de abreviar los trámites pertinentes a las mismas, de manera que resulte en un proceso menos oneroso para la persona trabajadora. 32 LPRA sec. 3118; *Peña Lacern v. Martínez Hernández et al.*, 210 DPR 425 (2022); *León Torres v. Rivera Lebrón,* 204 DPR 20 (2020); *Ruiz Camilo v. Trafon Group,* Inc., 200 DPR 254 (2018). Su alcance se extiende a varios estatutos laborales, entre estos, las querellas sobre salarios, beneficios y derechos laborales. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 265. La naturaleza de esta reclamación exige celeridad en su trámite para, así, cumplir con el fin legislativo de proteger el empleo, desalentar los despidos injustificados y proveer a la persona obrera despedida suficientes recursos económicos entre un empleo y otro. *León Torres v. Rivera Lebrón,* supra. A su vez, el Tribunal Supremo de Puerto Rico ha enfatizado que las disposiciones de la pieza legislativa antes mencionada se deberán interpretar de manera liberal a favor de la persona empleada. Ello, para equiparar la desigualdad de los medios económicos que exista entre las partes. *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921, 928-929 (2008).

Debido a la celeridad con la que deben encauzarse estos procesos judiciales, se alteraron ciertos términos y condiciones, los cuales, como regla general, rigen la litigación civil en nuestro ordenamiento jurídico procesal. *Díaz Santiago v. PUCPR et al.,* supra, pág. 347. Es decir, la Ley Núm. 2-1961, *supra,* dispone de términos más cortos que los provistos para procedimientos

ordinarios. Por lo tanto, los tribunales tienen la obligación de exigir diligencia y prontitud en la tramitación de las reclamaciones bajo dicho estatuto. *Vizcarrondo Morales v. MVM, Inc.*, supra, pág. 929. Sobre ese particular, nuestro más Alto Foro expresó que:

> [T]anto los tribunales como las partes deben respetar: (1) los términos relativamente cortos dispuestos en el estatuto para contestar la querella; (2) los criterios estrictos para conceder una prórroga para contestar la querella; (3) el mecanismo especial que flexibiliza el emplazamiento del patrono, y (4) entre otras particularidades provistas por la ley, las limitaciones en el uso de los mecanismos de descubrimiento de prueba. De no hacerlo, el procedimiento se convertiría en ordinario, lo cual sería incompatible tanto con el mandato legislativo de diligencia en el dictamen judicial, como con su carácter reparador. *Íd.*

En lo aquí atinente, el patrono, una vez se le notifica mediante copia de la querella en su contra, deberá presentar su contestación por escrito dentro de los diez (10) días siguientes a la notificación, esto si la notificación se hace dentro del mismo distrito judicial. Sección 3 de la Ley Núm. 2-1961, 32 LPRA sec. 3120. **Cabe destacar que la parte querellada debe hacer <u>una sola</u> alegación responsiva en la cual deberá incluir todas las defensas y objeciones**, entendiéndose que renuncia a todas las que no incluya en dicho escrito, por lo que no podrá enmendar su contestación a la querella parta traer nuevas defensas afirmativas. *Íd.*; *Peña Lacern v. Martínez Hernández et al.*, supra, pág. 435; *Srio. del Trabajo v. J. C. Penny Co., Inc.*, 119 DPR 660, 669-671 (1987).

De esta normativa general surge el deber inequívoco de los tribunales de dar estricto cumplimiento al procedimiento sumario bajo la Ley Núm. 2-1961, *supra,* por lo cual, carecemos de jurisdicción para conceder prórrogas, ante la inobservancia de los términos que establece dicho estatuto. *León Torres v. Rivera Lebrón,* supra, pág. 31; *Vizcarrondo Morales v. MVM, Inc.,* supra, pág. 930. Solo en casos excepcionales, nuestro Tribunal Supremo ha justificado flexibilizar la aplicación del procedimiento sumario de la

Ley Núm. 2-1961, *supra,* entre ellos, para evitar un fracaso de la justicia. *Vizcarrondo Morales v. MVM, Inc.,* supra.

Cónsono con lo anterior, la Sección 3 de la Ley Núm. 2-1961, *supra,* establece, además, que en los casos tramitados con arreglo a dicho estatuto "se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley". *Díaz Santiago v. PUCPR et al.,* supra, pág. 348. Es decir, se recurrirá a las Reglas de Procedimiento Civil, 32 LPRA Ap. V, cuando estas no contravengan lo dispuesto en la Ley Núm. 2-1961, *supra,* o prolonguen innecesariamente el carácter sumario del procedimiento. *Íd.*

Recientemente, nuestro Tribunal Supremo expresó en *Collazo Muñiz v. New Fashion World Corporation h/n/c Alias y otros*, 2025 TSPR 22, resuelto el 13 de marzo de 2025, que la defensa de falta de jurisdicción sobre la persona se debe presentar como parte de la alegación responsiva del patrono querellado. Sobre ello, enfatizó que la primera tarea del tribunal de instancia será atender la alegada falta de jurisdicción, toda vez que los tribunales no podían actuar sobre una parte demandada si no adquieren autoridad sobre esta. Señaló que, de proceder la defensa de falta de jurisdicción, corresponderá desestimar la acción.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En lo atinente, la parte apelante plantea que el Tribunal de Primera Instancia erró al determinar que se puede presentar una moción de desestimación bajo el procedimiento sumario de reclamaciones laborales, al amparo de la Ley Núm. 2-1961, *supra.* Hemos evaluado cuidadosamente el expediente ante nuestra

consideración y entendemos que, en efecto, el foro primario incidió en su proceder. Nos explicamos.

Sabido es que los tribunales tienen la obligación de exigir diligencia y prontitud en la tramitación de las reclamaciones bajo la Ley Núm. 2-1961, *supra*. Tanto los tribunales como las partes deben respetar, en lo pertinente, los términos cortos dispuestos en el citado estatuto para contestar la querella, así como los criterios estrictos en la presentación de mociones posteriores y el descubrimiento de prueba. Ello, con el fin de salvaguardar la naturaleza sumaria del precitado estatuto. Cónsono con lo anterior, ha sido reiterado que la parte querellada debe hacer **una sola alegación responsiva en la cual deberá incluir todas las defensas y objeciones, incluyendo la alegación sobre falta de jurisdicción**. Es decir, la presentación de una moción de desestimación, independientemente si es antes o después de instada la contestación a la querella, es contraria al procedimiento sumario laboral contemplado por la Ley Núm. 2-1961, *supra*, y se debe tener por no puesta, pues redunda en la dilación de los procedimientos.

En el caso de autos, la parte apelada presentó oportunamente una alegación responsiva en la cual planteó, entre otras defensas, la falta de jurisdicción sobre la materia. Posteriormente, la apelada instó una moción de desestimación por los mismos fundamentos, aun cuando seguía vigente el proceso sumario laboral. Cabe destacar que, si bien estaba pendiente una solicitud de conversión a un proceso ordinario, esta nunca fue adjudicada por el foro primario. Ante dicho escenario, y en aras de salvaguardar el propósito principal de la Ley Núm. 2-1961, *supra*, nuestro Tribunal Supremo ha sido enfático en que los tribunales tienen que aplicar rigurosamente los términos taxativos del referido estatuto, a fin de garantizar la sencillez y celeridad de los procedimientos procuradas por la Asamblea Legislativa en los casos de reclamaciones laborales.

Conforme a ello, el foro *a quo* estaba impedido de atender una moción de tal naturaleza, pues esta es contraria el propósito del precitado estatuto.

Sin embargo, ante la oportuna oposición de la parte apelante, en este caso el foro apelado le dio trámite a la moción de desestimación como si se tratara de un proceso ordinario y, con ello, extendió injustificadamente el proceso sumario laboral. Al así obrar, derrotó el fin perseguido por el procedimiento sumario consagrado en la Ley Núm. 2-1961, *supra.* Es decir, el proceder del foro primario es incompatible con la finalidad del proceso mismo e incide, a su vez, con el postulado de nuestro ordenamiento procesal civil que busca garantizar una solución justa, rápida y económica de todo procedimiento, incluyendo el sumario laboral. Regla 1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 1.

En vista de lo anterior, concluimos que el Tribunal de Primera Instancia incidió en su proceder, por lo que procede la revocación de la *Sentencia* apelada y la continuación del proceso sumario laboral ante el foro de origen, conforme a las exigencias de la Ley Núm. 2-1961, *supra.*

### IV

Por los fundamentos que anteceden, revocamos el dictamen apelado y devolvemos el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones